GEORGE WORK *vs.* WILLIAM C. HARPER et al.

The registration of a mortgage, without an acknowledgment or proof of execution according to the statute, is a mere nullity, and does not convey notice to creditors or subsequent purchasers.

Whether actual notice to a creditor will be sufficient to protect the rights of a mortgagee, must depend upon the circumstances of each particular case.

A judgment can only be attacked collaterally when it is void.

The parties waived the certificate of the clerk of the court to the record, by making no objections in the circuit court before the trial of the cause. *Held,* that the judgment is not void.

According to equity, the mortgage should be foreclosed, and the balance of B.'s liability on the judgment first paid, and the other proceeds of the sale applied to the claim of the mortgagee.

On appeal from the superior chancery court; Hon. Stephen Cocke, chancellor.

Stephen Barry mortgaged a negro boy to George Work on the first of February, 1845. Work filed his bill in the superior chancery court against Harper and Crockett, alleging that they obtained a judgment against Stephen Barry, and had an execution levied on the negro boy mortgaged to Work; and which prays for an injunction to restrain the sale of the negro under the execution, as well as for a foreclosure of the mortgage to Work and a sale of the negro, to satisfy the mortgage debt and other claims.

*Geo. S. Yerger* and *G. Work,* for the appellant, cited and commented on 4 Yerg. 579; 4 How. 92; Kentuck. Stat. 1524; *Yalabusha Co.* v. *Carberry,* 3 S. & M. 551; 3 Barr, 495; 3 Phil. Evid. 1047; 10 S. & M. 226; U. S. Dig. of '50, p. 113, § 23; 4 Eng. 469; Ib. 497; Ark. R. 760; 4 How. 564; 6 Ib. 295; Dwarris on Stat. L. Lib. 55, § 7145.

*D. Mayes,* for appellees, cited in reply, H. & H. Co. 343, § 3; Freem. Ch. R. 91; 3 Comm. L. R. 549; 2 Bin. 40; H. & H. 344, § 7; 3 Cran. 140; 1 Johns. Ch. R. 300.

Mr. Justice FISHER delivered the opinion of the court.

44*

The appellant filed his bill in the superior court of chancery, for the purpose of foreclosing a mortgage executed to him by Stephen Barry, of Scott county, on the 1st of February, 1845, to secure him in the payment of the sum of $400, and enjoining the appellees, Harper and Crockett, from selling the slave embraced in the mortgage, under an execution emanating on a judgment against the said Berry.

The facts presented by the original bill are these : The complainant, on the first of February, 1845, lent Barry the sum of $400, and took his note, with a mortgage on a certain slave, Isaac, to secure the same. The mortgage, without a previous acknowledgment or proof, according to the statute, was placed upon record in the probate clerk's office of Scott county ; after which, Crockett and Harper recovered a judgment against Barry, upon which execution was issued, and levied upon the slave Isaac. The bill charged, that Harper, independent of the notice conveyed by the registration of the mortgage, had actual notice of the same before the filing of the bill.

To this bill the defendants, Harper and Crockett, filed a general demurrer ; before a decision upon which the complainant presented to the court an amended bill, in which he states, and shows by it and the exhibits accompanying the same, that Harper and Crockett commenced a suit in the circuit court of Scott county against Barry and three other persons ; that upon an application of the plaintiffs therein, the venue was changed to Madison county, and that the clerk of the circuit court of Rankin county appears to have certified the descriptive list, and record sent to Madison circuit court.

It is also averred, that since the rendition of said judgment, two of the defendants were released therefrom. The complainant avers that he had no knowledge of the important facts presented by the amended bill and exhibits, at the time the original bill was filed.

The application to file the amended bill and the argument of the demurrer came up together in the court below, when the amended bill was rejected, the demurrer sustained, and the original bill dismissed.

The registration of a mortgage without an acknowledgment

or proof according to the statute is a mere nullity; and it does not, therefore, convey notice to creditors or subsequent purchasers. Whether actual notice to the creditor will be sufficient to protect the rights of the mortgagee, must depend upon the circumstances of each particular case. If the lien of the judgment had attached, then actual notice would avail nothing. The inference is very clear from the bill, that the levy upon the slave had been made before Harper received notice. If so, it was too late to attempt to defeat his rights under the levy, by giving him notice of the mortgage; as he could only be bound by what existed, or the state of facts at the time the levy was made.

A judgment can only be collaterally attacked when it is void. The clerk's certificate to the record sent to Madison circuit court, was intended as evidence, to inform the court that the record sent was true and complete. The parties to the suit were presumed to know what the record contained, as they in fact made it, or at least furnished the material of which it was made. Their knowledge on the subject was, therefore, equal to that of the clerk of the court in which the suit was pending; and knowing the matter to which he should have certified, it was competent for them to waive his certificate, which they did by making no objection in the circuit court. We are, therefore, of opinion that the judgment is not void; but as to the present proceeding it must be treated as valid.

The release insisted on occurred in this way. The judgment was rendered in the circuit court in Madison county, on the 21st day of October, 1846, for $3,350.57. On the day after, the plaintiff entered a *remittitur* for the sum of $1,675.28, paid by W. A. Gatewood and Wade H. Holland, two of the sureties; and it was entered of record that no execution should be levied upon their property. This, under the statute of 1844, Hutch. Code, 555, 556, was not a full release to the other defendants; but under the proviso of said act, the plaintiff can only collect from Barry, who is also a surety, one half of the $1,675.28. Barry's liability was therefore reduced to $837.64. Upon this he is entitled to a credit of $430, made by virtue of a levy upon his property in 1848; thus reducing the amount of his

liabilities on the judgment to the sum of $407.64, with interest on the $837.64 till the credit of $430, and interest on the balance till paid. As it is probable that the slave may sell for a sum sufficient to satisfy the balance of the judgment, and also to satisfy the complainant's debt, and as the property is not capable of division, it is according to equity that the mortgage should be foreclosed, the balance of Barry's liability on the judgment first paid, and the balance of the proceeds of the sale paid to complainant.

We are, therefore, of opinion that on sustaining the demurrer, the chancellor should have allowed the amendment, putting in issue the release. Besides, it is not clear that the bill should have been dismissed. The demurrer did not extend to Barry. He answered admitting the allegations of the bill, and was willing for a foreclosure of the mortgage.

Decree reversed, and cause remanded.

NOTE.— A petition for re-argument in this case was filed by the plaintiff, but refused by the court.