JAMES W. THROCKMORTON ET AL. V. MARY P. PRICE ET AL.

It is the uniform principle of the registration laws, that such instruments as must be recorded shall be valid, as to all subsequent purchasers, for a valuable consideration without notice, and as to creditors, from the date on which such instruments shall be properly acknowledged, proved, or certified and delivered to the clerk for record, and from that time only. (Paschal's Dig., Arts. 3876, cl. 3, 4973 to 4977, 4993, 5006, 5013, 5014.)

Every instrument is considered as recorded from the time it is filed for record. This removes all doubt as to when the notice takes effect. (Paschal's Dig., Art. 5015.)

The clerk is also required to keep index books, and to enter therein notes of all filing and recording, but those who file instruments for record are not responsible for the neglect of the officers. (Paschal's Dig., Art. 5015 to 5018.)

By virtue of the registration laws, the filing of a deed for land with the county clerk for record is equivalent to the actual registration of the deed at the time it was so filed, and therefore a deed so filed, although not actually recorded, will prevail as against a subsequent, *bona fide*, purchaser for value without actual notice, notwithstanding that such subsequent purchaser took every reasonable precaution to ascertain the condition of the title, and only bought and paid for the land on the assurance of the county clerk that there was no evidence in his office of a conflicting right to the property. (Paschal's Dig., Art. 5014.)

A party filing his deed for record is not bound to see that the clerk performs his duty by actually recording it, nor is he responsible to other parties for the clerk's neglect of his duty, or failure to comply with the requirements of the statute with respect to the registration of the deed.

APPEAL from Tarrant. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

This was a suit for an injunction, instituted by the appellees to restrain the appellant, Throckmorton, from selling

under a deed of trust a tract of land in Tarrant county. Joseph H. Wilcox, the *cestue que trust*, was also made a party defendant.

The facts are substantially and clearly stated in the opinion of the court. The deed of trust to Throckmorton, for the benefit of Wilcox, was executed by Charles C. Lacy, on the 15th of December, 1858, to secure the payment of a debt of $210, and was filed for record and so indorsed by the county clerk on the 20th of the same month. It covered a tract of land in Tarrant county, comprising three hundred and nineteen acres.

On the 21st of February, 1859, Lacy conveyed the same land by deed, with general warranty, to the plaintiffs.

On the trial of the case, at the spring term, 1861, the plaintiffs introduced the county clerk as a witness, who testified, that sometime in February, 1859, and before the date of the deed from Lacy to the plaintiffs, the guardian of the plaintiffs (who were minors) came to witness' office and inquired if there were any deed or incumbrance on the land in controversy; that witness, after examining his office, informed the said guardian that there was none that he knew of; that witness then took Lacy's acknowledgment of the deed to the plaintiffs, and saw the purchase-money paid for it; that witness afterwards discovered that the deed of trust had been filed in his office on the 20th of December, 1858, about which date a great many deeds were filed in witness' office, and he was engaged in recording them in their order; that on discovering the deed of trust witness sent word to the plaintiffs' guardian that he had overlooked the deed of trust; that the indorsement on the deed of trust, to wit, "Filed for record this 20th day of December, 1858, at 3 o'clock," was made by witness at that time, and the deed was put in its proper place to be recorded as soon as reached; that witness made no other entry of the filing of the deed of trust than the indorsement on the back; he did not then nor had he

since kept in his office a book in which he entered the delivery of deeds for record; his custom was to enter the delivery for record on the back of the deed at the time it was presented, and file it away for recording, and when recorded, to put the certificate of delivery on the record; that the deed of trust was on file in witness' office at the time he told the plaintiffs' guardian that there was no incumbrance on the land, and witness was mistaken in what he then told the guardian.

The charge given to the jury was as follows:

"The filing of a deed of trust with the clerk of the county, without recording the same or entering it in a book for record, is no constructive notice as against subsequent purchasers, for a valuable consideration, in good faith, without actual notice. The simple delivery to the clerk of the county court and the indorsement thereon of the time of such delivery of a deed in trust is not constructive notice as against subsequent purchasers for a valuable consideration without actual notice."

Verdict was returned for the plaintiffs, and the injunction of the deed of trust was perpetuated by the decree of the court.

The defendants moved for a new trial, on the ground of error in the charge of the court and in the finding of the jury. The motion was overruled, and defendants appealed, assigning the same errors.

*John C. Easton*, for the appellants, cited Titus v. Kimbro, 8 Tex., 210, and Watson v. Chalk, 11 Tex., 94.

No brief for the appellee furnished to the *Reporter*.

MOORE, C. J.—There was no controversy as to the facts in this case. The only question in it arises upon the instruction given to the jury by the judge in the court below. The evidence clearly shows that the deed of trust under

which the appellants claim, though filed with the county clerk for record, and so indorsed by him sometime prior to the date of the deed to the appellees, was not, in fact, recorded until after their purchase of the land. It is also unquestionably true, that all reasonable diligence was used in behalf of the appellees to ascertain whether the land was free from incumbrance, and that it was bought and paid for by them on the assurance of the county clerk that there was no evidence in his office of any conflicting right to it. On the other hand, it is not even charged that the appellants were guilty of any fraud or deception in the matter, or had failed to do all in their power to secure their rights under the deed of trust, unless the duty devolved upon them not only to deposit their deed with the county clerk for record, but also of seeing that it was duly recorded by him, to enable them to set it up against a subsequent, *bona fide,* purchaser without notice. That such was their duty is evidently held to be the law of the case in the instructions given the jury by his honor who presided on the trial of the cause in the district court.

In whatever manner the question presented in this case is decided, it must operate to the injury of innocent parties; there is therefore no equitable consideration favoring a preference of the parties on one side over those on the other. The point in issue between them must be determined by an application of the provisions of the registration laws to the facts of the case. When this is done, there cannot be the slightest doubt as to a correct decision of the question before us, and that the instruction given to the jury was erroneous. But for the registration law, the older title would obviously convey the better right. And it is the uniform provisions of these laws that such instruments as must be recorded shall be valid as to all subsequent purchasers for a valuable consideration without notice, and as to creditors from the date when such instrument shall be properly acknowledged, proved, or

certified and delivered to the clerk for record, and from that time only. (O. & W., Arts. 1726, 1727, 1730, 1731.)

And lest there should be any doubt in the matter, it is further enacted, that any instrument required to be recorded shall be considered as recorded from the time it was deposited for record with the clerk. (O. & W., Art. 1709.) And to enable all persons who may wish to examine the office to ascertain what instruments have been deposited for record, it is also made the duty of the clerk, (O. &. W., Art. 1707,) when any instrument has been deposited for record, to enter in alphabetical order, in a book to be provided for that purpose, the names of the parties to such instrument, the date and nature thereof, and the time of its delivery for record. And, as a further facility and security for persons wishing to make an examination in the office of the recorder for instruments required by law to be recorded, the clerk, after recording any such instrument, is directed to enter the same in the index-books which he is required to keep of recorded instruments. (O. & W., Arts. 1710, 1711, 1712.) If the clerk has neglected to comply with these plain and simple requirements of the statute, and appellees have been thereby misled to their injury, they cannot claim redress for such injury from appellants, who have been in no default. The law did not impose upon them the responsibility of seeing that the duties prescribed by the statute for the protection and security of other parties were in fact faithfully discharged by the clerk.

Registration laws of a general similarity to ours have been enacted in most of the other States, yet we have been able to find no case in which the first deed has been postponed in favor of the second from the failure of the clerk to record the prior deed as directed by the statute, while the contrary has been frequently decided. In Kentucky it is emphatically declared that deeds lodged for record are valid against subsequent purchasers and cred-

itors.    (Bank of Kentucky v. Hagegan, 1 A. K. Marsh., 306.)

And in Connecticut it is said, "If a deed, after it is received and entered up 'received for record,' remain unrecorded, through no fault of the grantee, until an attachment of said land, it shall not prejudice the grantee." (Franklin v. Cannon, 1 Root; Hartmyer v. Gates, Id., 61; McDonald v. Leach, Kirby, 72; Judd v. Woodruff, 2 Root, 298.)    The same principle is also recognized in Alabama. (McGregor v. Hill, 3 Stew. & Port., 397.)

The judgment is reversed, and the cause

REMANDED.