A. W. BISHOP, Defendant in Error, *v.* JULIUS F. SCHNEIDER *et al.*, Plaintiffs in Error.

1. *Deed properly recorded imparts notice, although not indexed.* — A deed properly filed and copied of the record, is recorded within the meaning of the law (R. C. 1855, p. 1314, §§ 13, 14; Wagn. Stat. 1141, §§ 12, 13), and imparts notice to subsequent purchasers, notwithstanding the failure of the officer to index it. The index is no part of the record.

The recorder is liable to the party aggrieved for double the amount of damages sustained by reason of the failure of the officer to index the deed. But *semble*, that it must appear that his damage arose from such neglect of the recorder, not from other causes, such as, *e. g.*, his own reliance upon false outside representations as to title without an examination of the index, or from his mistaken reliance upon the covenants of his grantor, independent of the matter of notice.

Bishop v. Schneider et al.

2. *Deed improperly acknowledged imparts no notice.*—Where it is provided by the statute that, in order to the registration of a conveyance, it shall be acknowledged before some officer, and a certificate thereof entered upon the deed, if the same be recorded without the prescribed acknowledgment, the recording will not be constructive notice to any one.

3. *Justice of the peace in one county can not certify acknowledgment of deed conveying land in another county.*—A justice of the peace in one county has no authority to take and certify the acknowledgment of an instrument conveying lands in another county. (R. C. 1855, p. 358, § 17, p. 365, §§ 40–1; Wagn. Stat. 274, § 9, p. 277, §§ 24–5.) Such an acknowledgment is a nullity, and the deed, although recorded, imparts no notice.

4. *Conveyances — Defective acknowledgments — Act of 1855 touching, does not cure subjective acknowledgments.*—The statute concerning evidence (R. C. 1855, p. 731, § 46; Wagn. Stat. 595, § 35), providing that conveyances made theretofore, and unacknowledged, or defectively acknowledged, should impart notice, was intended to apply exclusively and solely to conveyances made prior to the taking effect of the code of 1855. That statute derives no additional force or power from being found in the statutes of 1865. Its republication must be construed as a continuation of the old law, and not as a new enactment. (Wagn. Stat. 897, § 5.) Hence, when a defectively acknowledged mortgage was made after the adoption of the Revised Code of 1855, it does not come within the saving clause of that enactment, and imparted no notice.

5. *Conveyances — Defective acknowledgments can only be taken advantage of by a purchaser for value.*—A defective acknowledgment can only be taken advantage of by a purchaser for a valuable consideration. In all cases the purchaser must show that he paid the purchase money before he is entitled to relief on account of not having any notice.

*Error to Second District Court.*

*H. F. Ahlvers*, for plaintiffs in error

I. The land lying in Jefferson county, and the mortgage seeming to have been acknowledged before a justice of the peace of Franklin county, the same was not acknowledged according to law, was therefore not entitled to be recorded, and hence could not be read as a recorded deed against Schneider. (Meyer v. Wiltberger, 2 Ga. 20 ; Schulz v. Moore, 1 McLean, 520 ; Heister v. Fortner, 2 Binn. 40 ; Smith v. Mounts, 1 Mo. 714.)

II. Even if the mortgage had been duly and properly acknowledged as proven, it could still not be read in evidence as a recorded deed, as it was not indexed, and therefore was not recorded as the law requires. The indexing is a part of the record, and absolutely necessary to convey notice to subsequent purchasers. (Gen.

Stat. 1865, p. 160, § 14.) In this case the recorder was guilty of neglect in not indexing the mortgage, and he would be responsible in an action to the mortgagee in said mortgage who filed the deed for record, but not to Schneider, as he is no party to the mortgage. As to whom the recorder is liable to for neglect, and as to the effect of not indexing deeds, see Barry v. McCarty, 11 Iowa, 510 ; Noyes v. Howe, 12 Iowa, 570 ; 44 Mo. 309 ; Sawyer v. Adams, 8 Verm. 172.

*Thomas & Thomas*, for defendant in error.

I. The mortgage imparted notice of its contents to subsequent purchasers and mortgagees. (R. C. 1855, p. 731, § 46, copied into Gen. Stat. 1865 ; Lemay v. Poupenez, 35 Mo. 76.)

II. The deed, although not indexed, imparts notice to subsequent purchasers and mortgagees. (R. C. 1855, p. 731, § 46.) The holder of the deed is not bound to examine the books of the recorder to ascertain whether his deed has been properly indexed. If he is bound to see that it is indexed, then no deed could safely be sent and returned by mail. Schneider's remedy is — if he has been injured, which does not appear from the record in this case — to proceed against the recorder on his official bond. The record in this case does not show the appellant to be entitled to the relief he demands. The answer of Schneider does not allege that he paid anything for the title he got, nor does the evidence prove it. (See Halsa v. Halsa, 8 Mo. 313, and cases cited.)

WAGNER, Judge, delivered the opinion of the court.

In this case the record shows that one Reynolds, on the 2d day of January, 1860, executed to Robert E. Warren his promissory note for $852.90, and that, subsequently, to secure the payment of the same, he made and delivered to Warren a mortgage on certain real estate lying in Jefferson county. The mortgage was duly filed for record in the recorder's office of Jefferson county, and recorded, but no index thereof was made. On the 1st of May, 1869, Warren assigned the note and mortgage to Bishop, the plaintiff in this suit.

Reynolds, by deed dated March 17, 1864, and properly recorded, conveyed what interest he possessed in the land to one Ackerman, and Ackerman conveyed the same by deed of trust to secure a certain indebtedness. The trustee, in pursuance of the trust, advertised and sold the land on the 14th day of December, 1867, and Schneider, the defendant, became the purchaser. It is not shown that Schneider had any other notice of the mortgage encumbrance than what was imparted by the record.

The mortgage was defectively acknowledged, and on this proceeding being instituted for foreclosure, the suit was resisted mainly on two grounds: first, that the record imparted no notice of the contents of the mortgage; secondly, that the instrument was not recorded within the meaning of the statute.

The Circuit Court overruled the objections of the defendant and gave judgment for the plaintiff. This judgment was affirmed in the District Court, and the defendant has sued out his writ of error and brought the cause here for review.

I will first examine the point in reference to the effect of the failure of the clerk to properly index the mortgage. It is contended that, because the mortgage was not indexed by the recorder, it was not recorded according to law, and therefore failed to give even constructive notice to a subsequent purchaser. This necessarily raises the question whether the index is a part of the record, and whether, when the officer has failed to comply with his duty in this regard, although the grantee has done everything that was required of him by law, the recording shall be deemed a nullity and of no avail. In the case here the mortgage was duly filed and regularly recorded, and a certificate indorsed on the instrument stating that fact. The grantee then relied on the assurance that the recorder had discharged his whole duty, and that he would be protected in his rights. But, by the neglect and carelessness of that officer, no index to the deed was made, as the statute directs, and hence persons searching the records would be apt to be misled as to any existing encumbrance. Upon whom the primary loss must fall in such a case depends upon the construction of the statute in reference to the registration of conveyances.

All these proceedings were had whilst the statutes of 1855 were in force, though the same provisions are to be found in the subsequent revision of 1865.

By section 13, p. 1314, R. C. 1855, it is provided that the recorder shall record, without delay, every deed, mortgage, conveyance, deed of trust, bond, commission, or other writing delivered to him for record, with the acknowledgments, proofs, and certificates written on or under the same, with the plats, surveys, schedules, and other papers therein referred to and thereto annexed, in order of time, when the same shall have been delivered for record, by writing them, word for word, in a fair hand, noting at the foot of such records all interlineations and erasures and words visibly written on erasures, and noting at the foot of the record the day of the month and year when the instrument so recorded was delivered to him or brought to his office for record; and the same shall be considered as recorded from the time it was so delivered.

It is provided by section 14 that the recorder shall certify, on or under such deed, mortgage, conveyance, deed of trust, bond, commission, or other instrument so recorded, the day, month, and year when he received it, and the book and page or pages of the book in which it is recorded; and, when recorded, deliver it to the party or his order.

Section 15 declares that the recorder shall keep in his office a well-bound book, and make and enter therein an index, direct and inverted, to all the books of record wherein deeds, mortgages, or other writing, concerning real estate or deeds of trust, are recorded, distinguishing the books and pages in which every such deed or writing is recorded.

Section 16 prescribes that the index shall contain, in alphabetical order, the names of the several grantors and grantees, etc. Sections 17 and 18, in like manner, require that the clerk shall provide books for indexing marriage contracts and commissions and office bonds. Section 19 imposes a penalty on the recorder for refusing or neglecting to perform his duty, and further says that if he neglects or refuses to provide and keep in his office such an index as is required by the act, he shall pay to the party

aggrieved double the damages which may be occasioned thereby, to be recovered by civil action on the official bond of the recorder. The grantee has no control over the official acts of the recorder, and when he has delivered to the officer his deed, he has performed all the duty within his power; and when the deed is copied on the record, the statute says it shall be considered as recorded from the time it was delivered. The subsequent sections are distinct and independent provisions respecting indexing, and do not form a part of the law as to recording. They impose a duty on the officer, and denounce a liability for a neglect or refusal to obey that duty, but they do not make what has previously been done void.

In the case of Terrell *et al.* v. Andrew County, 44 Mo. 309, the mortgage was given for four hundred dollars, and the recorder, in recording the same, by mistake inserted two hundred dollars in the record instead of four hundred dollars, showing an encumbrance for the former instead of for the latter sum; and it was decided that notice of the contents of instruments was imparted after filing only where they were correctly spread upon the record, and not otherwise. And in conformity with that view the subsequent purchaser had notice of a subsisting encumbrance for two hundred dollars, and no more.

So, in Beckman v. Frost, 18 Johns. 544, the registry of a mortgage of $3,000 as a mortgage of $300 was considered as notice only of an encumbrance for the sum stated in the record. In such cases the purchaser may be wholly free from fault or negligence. He may deliver his deed to the proper officer, and it may be returned to him as recorded, but, through accident or design, it is not truly recorded. Subsequent purchasers or creditors, having no other means of knowing of the contents of the deed than by resorting to the records, can not be considered as having notice of any other conveyance than such as appeared on the record.

Where a town clerk copied a deed delivered to him for record on a book which had ceased to be a book for recording for a number of years, and, for the purpose of concealment and fraud, did not insert the names in the index or alphabet, it was held that

the deed was not recorded, and was no notice to after-purchasers. (Sawyer v. Adams, 8 Verm. 172.)

In the case just mentioned, the mortgage, which was made by the clerk as grantor, was copied on the back leaf of a volume of records in which there had been no deeds recorded for upwards of twelve years, and a number of new books had been used for the purpose of recording. It was a plain and palpable fraud, as the book was not at that time a book used for recording.

Under a statute essentially similar to ours in all its provisions and regulations, it was held that where the mortgagee left his mortgage with the clerk for record, and the clerk recorded the same at length, and so certified upon the mortgage, but made no index of the said mortgage, that the mortgage was properly recorded within the meaning of the statute, and that the index constituted no part of the record, and that the mortgage became an encumbrance upon the land from the time it was transcribed upon the record. (Curtis v. Lyman, 24 Verm. 338.)

The result of the doctrine insisted upon by the counsel for the plaintiff in error is to superadd or provide an additional requisite to the record of conveyances; in other words, no record is to be considered of any validity till an index is duly made out and entered. But no such language is, however, found in the statute, nor do we think any intention to ingraft such additional requisite upon a deed can be fairly implied from the language used.

The general nature, object and scope of the whole act, taken together, is to point out the duty of the clerk not only in the making of a proper record of conveyances, but also in furnishing facilities for their discovery, examination, and use, by all persons interested in them; and to secure the due performance of these duties the clerk is made liable to the party injured for the neglect of them. The index, which it is the duty of the clerk to make out and preserve in a book for that purpose, seems to be one of the facilities to be used in making search for the record, but not a part of the record itself.

It is his duty to have an index and to enter upon it a proper reference to every record of a conveyance, and for any neglect to do so he is liable to the party aggrieved for double the amount of

damages sustained. But it is not certain that any one will be injured by the neglect, and therefore the record itself should not be held void. The purchaser may take his deed, relying solely upon the representations or covenants of his grantor, without desiring to examine the records. An index or the want of it would obviously be of no importance to him. So if, without making any search, or causing any to be made, a person should rely alone upon the representations of the clerk that the title was clear, and these representations should be knowingly false, could it with reasonable propriety and fairness be said that he was injured by want of an index? Yet in these cases, if the argument advanced be correct, though no one is injured by the failure of the clerk to perform his duty as to indexing, and though the purchaser has had his deed correctly transcribed and spread upon the record, still the recording should be held void.

In my opinion, the proper office of the index is what its name imports — to point to the record — but that it forms and constitutes no part of the record. The statute states, without reserve or qualification, that when an instrument is filed with the recorder and transcribed on the record, it shall be considered as recorded from the time it was delivered. From that time forth it is constructive notice of what was actually copied. A subsequent section, for the purpose of facilitating research, besides recording, devolves a separate, distinct, and independent duty upon the recorder, and in the event of non-compliance with that duty the party injured has his redress. The purchaser or grantee, when he has delivered his deed, and seen that it was correctly copied, has done all the law requires of him for his protection; and if any other person is injured by the fault of the recorder in not making the proper index, he must pursue his remedy against that officer for the injury.

Assuming, then, that the recording of the mortgage was good under the law, the next inquiry is whether it was such an instrument as would impart constructive notice by registration. It purported to convey certain lands lying in Jefferson county, and the acknowledgment was taken before a justice of the peace in Franklin county. The statute (R. C. 1855, p. 358, § 17) pro-

vides that the proof or acknowledgment of every conveyance or instrument in writing, affecting any real estate in law or equity, shall be taken by some one of the following courts or officers: first, if acknowledged or proved within this State, by some court having a seal, or some judge, justice, or clerk thereof, notary public, or some justice of the peace of the county in which ʰthe real estate conveyed or affected is situated, etc.

Section 40 of the same act, relating to conveyances, declares that every instrument in writing that conveys any real estate, or whereby any real estate may be affected in law or in equity, proved or acknowledged and certified in the manner before prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated. And section 41 provides that every such instrument in writing, certified and recorded in the manner before prescribed, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice.

Where it is provided by the statute that in order to the registration or recording of a conveyance, the deed shall be acknowledged before some officer, and a certificate thereof entered upon the deed, if the deed is recorded without the prescribed acknowledgment, the recording or registration will not be constructive notice to any one. (Work v. Harper, 24 Miss. 517; White v. Denman, 1 Ohio St. 110; Blood v. Blood, 23 Pick. 80; 2 Washb. Real Prop., 3d ed., 139.) In the present case the jus-tice in Franklin county had no authority to take and certify the acknowledgment of an instrument conveying lands in Jefferson county, and the acknowledgment, therefore, was a nullity, and the mortgage, although recorded, imparted no constructive notice.

But it is contended here, and the court below seem to have taken the same view, that our statute concerning evidence has cured the defect so as to make the record give the requisite notice. In support of this position that section is quoted which provides as follows: "The records heretofore made by the recorder of the proper county, by copying from any deed of

conveyance, deed of trust, mortgage, will, or copy of a will or other instrument of writing, that has neither been proven nor acknowledged, or which has been proven or acknowledged, but not according to the law in force at the time the same was done, shall, from and after the passage of this act, impart notice to all persons of the contents of such instruments, and all subsequent purchasers and mortgagees shall be deemed to purchase with notice thereof." (R. C. 1855, p. 731, § 46; Wagn. Stat. 595, § 35.)

This section was first passed in 1847, thence inserted in the revision of 1855, and continued in the statutes of 1865. If it has the effect ascribed to it, it in a great measure nullifies and renders nugatory the law on this subject of conveyances, so far as acknowledgment, certifying, and recording are concerned. If the deed imparts notice without being acknowledged, or not acknowledged or proved according to law, then every instrument which the recorder may place upon the record is sufficient, although it is wholly wanting in the absolute requirements of the statute. It is hardly to be supposed that the Legislature intended by this section to repeal, nullify, and render nugatory the whole law in reference to the essential elements of acknowledgments and recording. But when we look at the history of the enactment, its scope and tenor, we find clearly that no such intention prevailed. The section was embodied originally in the somewhat famous limitation act, and was approved February 2, 1847. The act is entitled "an act to quiet vexatious land litigations," and was designed, in connection with the period of limitation, which was therein inserted, to put a speedy termination to controversies arising out of defects in conveyances which were made anterior to that period, and which were often informally executed. The section was imported and re-enacted literally in the statutes of 1855, and thence continued in the revision of 1865.

Full force and effect was given to the section in the case of Allen v. Moss, 27 Mo. 354; but that was a case where the deed had been executed, acknowledged, and recorded prior to the taking effect of the code of 1855. The word "heretofore" is the controlling one in the section, and shows that the act was

31—VOL. XLVI.

intended to apply exclusively and solely to prior conveyances. The provision, then, applies to all conveyances made previous to the taking effect of the statutes of 1855, and no further. It derives no additional force or power from being found in the statutes of 1865, for it is the same identical section that existed in the former statutes; and where that is the case, the General Statutes enact that the provisions of the General Statutes, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws, and not as new enactments. (Wagn. Stat. 897, § 5.)

For these reasons, as the mortgage was made and acknowledged subsequent to the adoption of the statute of 1855, I am of the opinion that it did not come within the provisions of the saving clause of the section, and that the court erred in its rulings as to this point.

One question remains to be disposed of. Schneider, in his answer, states that he purchased the property at trustees' sale; but there is no averment that he paid any valuable consideration for it, or that he has parted with anything in consequence of the purchase; nor is there any evidence in the record showing that fact. The very point was decided in Chouteau v. Burlando, 20 Mo. 482, and it was there held that a defective acknowledgment could only be taken advantage of by a purchaser for a valuable consideration. In all cases the purchaser must show that he paid the purchase money before he is entitled to relief on account of not having notice. (See Halsa v. Halsa, 8 Mo. 303 ; Paul v. Fulton, 25 Mo. 156 ; Chouteau v. Burlando, *supra;* Aubuchon *et al.* v. Bender *et al.*, 44 Mo. 560 ; Jewett v. Palmer, 7 Johns. Ch. 65 ; Wormley v. Wormley, 8 Wheat. 421.)

Although the ruling of the court as to the mortgage imparting notice was erroneous, yet we can not see that the defendant was injured thereby, as by his own pleadings he does not stand in an attitude entitling him to relief.

Judgment affirmed. The other judges concur.