NEWTON TAYLOR v. W. F. HARRISON.

1. DISCUSSED.—Registration laws discussed.
2. SAME—NOTICE.—The record of a deed duly acknowledged or proved for record is, by the statute, notice to subsequent purchasers and creditors, of such facts as they would have learned from the record, had they examined it.
3. SAME.—Such notice does not extend to facts which, by an examination of the record, a prudent man might have been put upon inquiry to ascertain, and which were not contained in the record.
4. REGISTRATION.—The record of a deed duly executed and recorded, without the authentication, is imperfect. The authentication is a necessary part of the record. Such omission is fatal to the effect of the registry, and such imperfect record is not notice.
5. BONA FIDE PURCHASER.—A *bona fide* purchase may be made from an heir or from an administrator.
6. QUIT-CLAIM DEED.—The absence of a covenant of warranty does not constitute a conveyance a quit-claim.
7. Rogers *v.* Burchard, 34 Tex., 453, discussed and limited.
8. CONSTRUCTION OF DEED.—To ascertain whether a deed be a quit-claim merely, all the facts may be looked to, to show whether the deed be a release of claim to, or a conveyance of the land, &c.

ERROR from Collin. Tried below before the Hon. W. H. Andrews.

This was an action of trespass to try title, brought by W. F. Harrison against Newton Taylor and Peter R. Wallis, for 500 acres of land, part of the H. R. survey of Thomas Jouett, in Collin county. The case was submitted on the following agreed statement of facts:

"It is agreed in this case that Thomas Jouett received a

patent to the land in controversy, which was a part of his headright, on the 18th day of February, 1845, and that Thomas Jouett transferred the said land, on January 22, 1846, by deed of general warranty, for $738, as consideration paid, in which he was joined by his wife Mary Jouett, to V. B. Sims, and that said deed was filed on the same day for record, and (except the acknowledgment of the grantors) was recorded in book B of Fannin county records, and was duly indexed. At that time, Collin county was not organized, but was a part of Fannin. That indorsed on said deed is the following: Filed and recorded in Book B, p. 328, January 22, 1846. Attest, R. W. Lee, Clerk C. C., F. Co.

"But the acknowledgment of Thomas Jouett and wife to said deed, which is in proper form, was not recorded, but the balance of the deed was.

"That afterwards, Sims, by deed with general warranty, transferred said land to W. Matherson, and Matherson to plaintiff. Both of the last two deeds are recorded in the county records of Collin county.

"The defendants claim the lands in controversy by a deed from Mary F. Beale, administratrix of the estate of Thomas Jouett, executed to E. Thomas Watson, June 30, 1856; said land was sold under and by virtue of an order of the County Court of Fannin county, on the petition of the administratrix, to pay the debts of the estate, for the sum of $230. The sale was duly confirmed by the court, and the title made to Watson by the administratrix. It is admitted that Watson paid the purchase-money above named; said Watson transferred the land by deed without warranty to the defendants. It was admitted that the orders of the court, in reference to the sale and confirmation of said land, were regular. The deed from the administratrix to Watson was recorded in Collin county records February 9, 1857; and from Watson to Taylor, March 13, 1857.

The court gave judgment for plaintiffs, and Taylor and Willis brought the case by writ of error to this court.

---

---

*Throckmorton, Brown & Bro.*, for plaintiffs in error.

*Bledsoe & Head*, for defendant in error.—The only question in this case is, can an administrator sell a greater interest in land than his intestate had? It will be remembered that the deed in the case at bar from Jouett, the intestate, was recorded in the proper county, except the acknowledgment; and if the court should determine that the fact that the neglect of the clerk to record the acknowledgment would defeat the record of the balance of it, notwithstanding such clerk had certified on the deed that it was "duly recorded," we still think that the plaintiff in error who purchased from the administrator of Jouett acquired no title. (Rodgers *v.* Burchard, 34 Tex., 441.) A vendee at a judicial sale (as an executor's or administrator's) takes only such interests as the debtor or decedent actually had. (Dwight *v.* Newell, 3 Comst., 185; Love *v.* James, 4 Watts, 473; Osterman *v.* Baldwin, 6 Wall., 117.) Nor can such grantee be regarded as a "*bona fide*" purchaser for a valuable consideration without notice. (Smith's Heirs *v.* Bank of Mobile, 21 Ala., 124; Farrer *v.* Patton, 20 Mo., 81.)

The deed of an administrator, being a quit-claim deed, and only conveying such interest as the decedent had, the purchaser is certainly taxed with notice of all outstanding claims, whether they be recorded or not. This case is stronger than those cited above; for the purchaser could, by consulting the records, have been put upon inquiry at least.

Moore, Associate Justice.—It is the evident purpose of the registration laws to protect creditors and purchasers against fraud and imposition by vendors and their prior creditors, as well as to protect and secure the latter against fraudulent combinations and contrivances between the owners of real estate and third parties, after incumbering or parting with their title or interest in it. The first of these objects is intended to be effected by requiring that all bargains, sales, and other conveyances whatsoever, of any lands, tenements, and hereditaments, whether made for passing any estate of

freehold or inheritance, or for a term of years; and all deeds of settlement upon marriage, whether land, money, or other personal things, shall be settled, or covenanted to be left or paid, at the death of the party, or otherwise; and all deeds of trust and mortgages, though valid and binding as between the parties and their heirs, and as to all subsequent purchasers with notice thereof, or without consideration, shall, nevertheless, be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless duly acknowledged or proved, and lodged with the clerk, to be recorded, as required by law. The record is accomplished by making such instruments, when duly proven and recorded as provided by the statute, operate as constructive notice to creditors and subsequent purchasers, of such facts as they would have learned from the record, if examined. But purchasers and creditors are only charged by construction with notice of the facts actually exhibited by the record, and not with such as might have been ascertained by such inquiries as an examination of the record might have induced a prudent man to make. Hence, it is a well-established rule, that the registration of deeds or instruments, required by law to be recorded, will not operate as constructive notice, unless they have been acknowledged or proved, as prescribed by law. (Work v. Harper, 24 Miss., 517; White v. Denman, 1 Ohio St., 110; Bishop v. Schneider, 46 Mo., 472.) And while it is a conclusion of law which cannot be disputed, that subsequent purchasers and creditors are charged with notice of all the facts shown or exhibited by the record, it has never been held that they were bound or affected by a record which does not give notice of a valid conveyance of the property in question, but merely gives information which, if in fact communicated to such creditor or purchaser, might have been reasonably sufficient to put him upon inquiry, though had such inquiry been made, the existence of a prior incumbrance, not properly recorded, might have been ascertained. It is therefore held, that a deed not properly acknowledged

or proved for record, although in fact duly executed, will not operate as notice of such deed; and though it may have been duly proved or acknowledged for record, if, in some material respect, it has been improperly recorded, the same result follows from such omission, and the record will only give notice of the existence of such an instrument as that exhibited by it. (Terrell v. Andrew County, 44 Mo., 309; Beekman v. Frost, 18 John, 544; Sanger v. Craigue, 10 Vt., 555; Jennings v. Wood, 20 Ohio, 266; 2 Wash. on Real Prop., 139.)

And unless there is such a record as the statute prescribes, it certainly does not furnish notice to parties subsequently dealing with the vendor of the former incumbrance or conveyance. At the time the deed under which the plaintiff claimed the land in controversy in this case was registered, the statute required that the acknowledgment or proof of the execution of the instrument to be recorded, should be certified by the officer before whom it is taken or made upon such instrument, and that such certificate should become a part of the record. The deed which has given rise to this, as registered, does not purport to have upon it this certificate. And though a certificate, as prescribed by the statue, was, in fact, indorsed upon the deed, this essential portion of its proper registration was entirely omitted. The deed, therefore, was not properly recorded, and creditors and subsequent purchasers are not chargeable with notice of it, by reason of such defective record.

But appellee insists, that although the deed from the original grantee of the land, under which he deraigns his title, may not have been properly recorded, still appellant is in no way benefited by reason of such defect, 1st, because he derives his title under a subsequent sale of the land by the administrator of the original grantee, who had sold it, previous to his death, to appellee's vendor, and consequently had no title to or interest in the land which could descend to or vest in his heirs, or that could be administered upon or sold by his

administrator for the payment of his debts; and, 2d, if this is not a sufficient answer to appellant's claim, appellee further maintains, that as the deed from the administrator, under which appellant deraigns his title, is merely a quit claim, he will be held to have purchased with notice of the prior unrecorded deed.   (Rodgers *v.* Burchard, 34 Tex., 453.)

In response to the first of these objections, it will suffice to say, that we see no reason why a purchaser from the heirs or representatives of the vendor, if he purchases and pays for the land, without actual or constructive notice of the previous sale, is not as fully within the spirit and equity of the statute as a second purchaser from the vendor himself.   And so it has been heretofore held by this court, (Love *v.* Berry, 22 Tex., 378,) in accord, as we think, with the general current of decisions elsewhere upon the subject.   (See Youngblood *v.* Vastine, 46 Mo., 239, reviewing the cases, and overruling the case of McCamant *v.* Patterson, 29 Mo., 110, cited in Rodgers *v.* Burchard, 34 Tex., 453.)

Preference is not given to the second vendee, or to a purchaser under execution, because there is any title or interest in the land remaining in the vendor, after he has once sold and conveyed it, but simply because it is a rule of public policy, prescribed by statute, for the protection of innocent parties against fraud.

Creditors, as has been frequently held, are as clearly protected by the statutes upon this subject as purchasers.   And certainly we can see no reason for holding that they lose the preference given them over the negligent purchaser who fails to have his deed recorded, because the creditor is forced to go into the Probate instead of the District Court to collect his debt, or because the land is sold by the administrator, instead of the sheriff.

The second objection urged by appellee, if applicable to the case, is, we think, a much more embarrassing question.

In the case of Rodgers *v.* Burchard, 34 Tex., 453, it was said by the court that an absolute deed, though unregistered,

passes the entire title of the grantor, and leaves nothing to descend to his heirs; and that a subsequent purchaser from such heirs acquires nothing. That though a subsequent deed, made on a valuable consideration, and without notice of a prior unregistered conveyance, takes precedence of the unregistered deed, yet this principle only prevails when both parties claim under the same grantor, and not where one of them claims from the heir and the other from the administrator; and there are, no doubt, respectable authorities supporting this view of the subject. But I respectfully suggest that it seems to me, if both parties claim from or trace their title to the same grantor, and there are no supervening equities, this brings them within the rule prescribed by the statute and recognized by the decisions. But whether this is the case or not, there is certainly a broad distinction between a sale by the heirs in their own right and one by an administrator, in his representative character, under an order of court, for the payment of debts. If the rights of the creditors are superior to those of the vendee holding by an unregistered deed, and as, unquestionably, a purchaser from the administrator holds in privity with the original vendor as fully as a purchaser under like circumstances from the sheriff, there can be no good reason to uphold the title of the one and to deny that of the other. That the latter is within the protection of the statute, is not now an open question in this court. (Ayres *v.* Duprey, 27 Tex., 593; Grace *v.* Wade, 45 Tex., 522, and subsequent cases.)

In the case of Rodgers *v.* Burchard, the court also held that a quit-claim deed conveys only such right, title, or interest as the grantor had at the time the deed is made, and that a party claiming under such deed cannot be deemed a *bona fide* purchaser of any greater interest than his grantor then had. Upon the facts exhibited by the record before the court, and with the qualification or explanation given in the subsequent case of Harrison *v.* Boring, 44 Tex., 255, we think there is no valid objection to the decision of the court

upon this branch of the case; though, without observing the distinctions pointed out in the latter case, the opinion in the first of these cases might be supposed to warrant a broader application of the rule announced than the court probably intended it should have.

The principle announced in Rodgers *v.* Burchard, as held in Harrison *v.* Boring, is only applicable "to quit-claim deeds, in the strict sense of that species of conveyances," and where its legal import is "a quit claim, or deed of release of all one's right, title, and interest," which is not intended, and does not purport to convey an absolute right to land, without covenants of warranty, as contradistinguished from a conveyance of the title or chance for title which the grantor may be supposed to have. Whether a deed is of the one character or the other, is not to be determined merely by an omission of the covenant of general warranty of title, but may be inferred "not only from the terms of the deed, but from the adequacy of the price given, and other circumstances attending the transaction" calculated to show the real intent and purpose of the instrument.

The difficulty in the proper disposition of this case is, that the meager statement of facts upon which it was by agreement submitted to the court below, does not sufficiently enlighten us in regard to the "circumstances attending the transaction," to enable us to draw a satisfactory conclusion as to the import and proper construction of the deed from the administrator. We are unable to say what was the character of claims for the payment of which the sale was ordered; or that the creditors for whose benefit the sale appears to have been made were within the protection of the statute; or that the purchaser was without actual notice of the prior deed; or whether or not the price at which the land was sold indicates a sale of the land or a mere claim or chance of title to it. In the case as now presented, we are left to draw our conclusions from the bare order of the court for the sale of the land; its sale by the administrator; the confirmation of

---
---

this sale by the court, and a deed by the administrator, as we must infer, in the usual form. These meager facts do not justify us in saying that this was not a sale of land, but of the chance or claim of title which the estate may have had to it. The fact that the deed given the purchaser does not contain a covenant of warranty, is of but little significance, when it is remembered that the administrator cannot bind the estate by such covenants.

But while this is the conclusion to be drawn, as we think, from the statement of facts, it is not sufficiently clear and satisfactory to induce us to render a judgment upon it without giving the parties an opportunity of showing, if they are able to do so, the real character of the transaction, especially as the case was decided in the court below before the decision of the case of Harrison *v.* Boring by this court.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.