### SANGER BROS. v. HAMMONDS et al.
### (No. 2683.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 22, 1923. Rehearing Denied March 8, 1923.)

Vendor and purchaser ⬤ 261(5)—Failure to record portion of conveyance of purchase-money note, stating that it was first lien on land, held to destroy its effect as notice of its priority.

The recording of the conveyance of a purchase-money note, where there was a failure to record that portion thereof which stated that it was the first and only lien on the land, *held* not notice to subsequent purchasers and lienholders of the priority of the note.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by Sanger Bros. against C. C. Hammonds and others. From a judgment giving less relief than prayed, plaintiffs appeal. Reformed and affirmed.

Bulloch & Ramey, of Tyler, for appellants.
Eugene DeBogory, of Dallas, for appellees.

HODGES, J. This suit is a controversy involving the priority of liens between the holders of different purchase-money notes. In February, 1918, C. C. Yates sold and conveyed the land in controversy to R. H. Wilson, and took as a part of the consideration four vendor's lien notes for $750 each. A few months later Wilson sold the same land to C. C. Hammonds, and took as a part of the consideration five purchase-money notes, each for $1,212.05. In both of those transactions the vendor's lien was retained in both the notes and the deeds, and the deeds were duly recorded. In the conveyance from Wilson to Hammonds the latter did not assume to pay the outstanding indebtedness of Wilson to Yates. On August 5, 1920, Wilson conveyed note No. 4 of the series executed by Hammonds to him to Cranfeld H. Cox. This assignment was evidenced by a written transfer, and contained the following recitation:

"For and in consideration of $1,212.05 to me in hand paid by Cranfeld H. Cox, the receipt of which is hereby acknowledged, has this day sold, conveyed and assigned, and by these presents do sell, convey and assign unto said Cranfeld H. Cox one certain vendor's lien note executed by C. C. Hammonds in favor of R. H. Wilson; that said note is the first and only lien on said land."

At the time of this transfer the note on its face showed that there were four other purchase-money notes of the same series. When Wilson transferred the note to Cox, Wilson owned all of the notes which had been executed by Hammonds. Two of the notes for $750 each, of the first series from Wilson to Yates, were subsequently acquired by Sanger Bros. They later also acquired two other notes, of the second series. The note transferred to Cox by Wilson was subsequently passed to the Republic National Bank of Dallas. Sanger Bros. brought this suit to foreclose their liens as evidenced by the two notes of the first series and the two of the second. They made the holders of the other notes parties defendant in order to adjust priorities of liens. Sanger Bros. claimed a first lien by virtue of the two notes of the first series, and claimed an equality of liens with the holders of all the notes of the second series. The case was tried before the court without a jury, and a judgment rendered in favor of Sanger Bros. for a priority in the payment of their two notes of the first series, but made their lien in the second series subordinate to that of the Republic National Bank, who held the note formerly conveyed to Cranfeld H. Cox. Sanger Bros. have appealed.

The record shows that the written conveyance of the note from Wilson to Cox was duly filed for record, but there was a failure to record the following portion: "That said note is the first and only lien on said land." It is conceded that at the time of this conveyance from Wilson to Cox, the former, then being the holder of all the notes of that series, had a right to assign a prior lien to Cox, and such was the legal effect of the language used in the assignment. The trial court was of the opinion that, notwithstanding such a defect, in the record the filing of the conveyance for record, together with the record actually made by the clerk, furnished constructive notice to Sanger Bros. of Cox's prior lien. The correctness of that legal conclusion is the only question presented.

In the case of Throckmorton v. Price, 28 Tex. 605, 91 Am. Dec. 334, a deed of trust had been filed with the clerk for record. While it was still in the custody of the clerk, and before it was placed on the record, the land was sold by the mortgagor to one who had no actual notice of the deed of trust. The question before the Supreme Court was, When did constructive notice begin? Judge Moore, in rendering the opinion, held that it commenced with the filing of the deed of trust with the clerk. He based his conclusion upon provisions of the statute. In Taylor v. Harrison, 47 Tex. 454, 26 Am. Rep.

304, a conveyance had been executed and properly acknowledged by both the grantor and his wife. It was later filed for record, and all of it recorded except the acknowledgment. Judge Moore, who also rendered the opinion in this case, held that the defect, in the record was not notice. In the discussion he used this language:

"It is therefore held, that a deed not properly acknowledged or proved for record, although in fact duly executed, will not operate as notice of such deed; and though it may have been duly proved or acknowledged for record, if, in some material respect, it has been improperly recorded, the same result follows from such omission, and the record will only give notice of the existence of such an instrument as that exhibited by it."

That case has been regarded by some courts as being in conflict with the case of Throckmorton v. Price. See Dean et al. v. Gibson (Tex. Civ. App.) 48 S. W. 57; Wm. Carlisle & Co. v. King (Tex. Civ. App.) 122 S. W. 581. This last case, however, does not follow that view.

When examined in the light of the facts, there is no real conflict between these two cases. In Throckmorton v. Price the instrument recorded had been filed with the clerk as required by statute, and was in his custody continuously from that time until it was recorded and afterwards withdrawn. The question there was, When did record notice begin? The statute answers that question. In Taylor v. Harrison the deed had been filed with the clerk, and all of it put on record except the acknowledgment. It was then withdrawn from the office of the clerk, leaving as notice to others dealing with that property only a defective record. The Supreme Court held that such a record was not constructive notice, because it did not show an instrument that was, under the statute, subject to record. It was, in effect, held that subsequent purchasers and lienholders had no constructive notice of anything beyond what was disclosed by that record. That situation is strikingly similar to the one presented in this appeal. Here the transfer of the note was filed with the clerk. He recorded all of it except that which assigned the prior lien on the property. The omission of that provision and the withdrawal of the original instrument left subsequent purchasers and lienholders without any notice that a prior lien had also been conveyed to Cox. Had Sanger Bros., at the time of their purchase of the two notes of that series, consulted this record, they would have learned only that Wilson had assigned one of the notes of that series to Cox. They had a right to rely upon that record as being literally true and complete. Such an assignment as that on record did not give any priority to

Cox. Lewis et al. v. Ross et al., 95 Tex. 358, 67 S. W. 405.

While the conveyance filed with the clerk is still in his office, the statute makes that notice of all the conveyance contains; but when the conveyance has been placed of record and the original instrument withdrawn from the custody of the clerk, the statute makes the record the notice, and that record is the only notice which subsequent purchasers and lienholders may have. Let us suppose that an instrument is filed for record and afterwards withdrawn with a certificate from the clerk that it had been recorded, when in fact no record had been made. Can it be said that the filing would perpetuate the constructive notice which began when the instrument was deposited with the clerk? We think it would be manifestly unjust to so hold. One who relies upon a record to protect his rights is charged with a knowledge of what that record contains. It has been said that the holder of a deed filed for record is not required to see that the clerk performs his duty. That may be true in some instances; but the holder of such an instrument should be required to take notice of the clerk's failure to do his duty in the making of a defective record.

We are of the opinion that the court erred in holding that the defective record of the conveyance of the note from Wilson to Cox was constructive notice to Sanger Bros. The judgment will therefore be reformed so as to permit Sanger Bros. to participate upon an equal basis with the holders of all the notes in the second series.

Reformed and affirmed.