## In re ROSE.
### No. 1491.

District Court, W. D. Texas, Austin Division.
March 30, 1938.

Vinson, Elkins, Weems & Francis, of Houston, Tex., for claimant.

Johnson & Rogers, of San Antonio, Tex., for trustees.

McMILLAN, District Judge.

This is a petition for review of an order of the special referee in bankruptcy, classifying as secured, in part, the claim of Butler Manufacturing Company.

This part of the claim grew out of the furnishing of labor and material to assemble a certain bolted steel tank. Within the statutory time after the labor and material were furnished, a lien affidavit was filed by the claimant with the county clerk of the proper county.

The affidavit was improperly recorded by the clerk, in that he failed to record the date which was carried at the head of the invoice attached thereto. The affidavit proper contained no date. There was attached to it an account which bore at its head the date April 4, 1932. Without this date, there was nothing in the affidavit to show that it was filed within the statutory time.

The affidavit, having been promptly recorded on the day following its filing, was returned to the party entitled thereto, in accordance with the statute. Article 6596, Revised Statutes, Vernon's Ann.Civ. St.Tex. art. 6596. About a week after the making of the imperfect record referred to, Noll and Weeke, trustees, filed a deed of trust. The amount of their secured claim is sufficient to exhaust the funds in the hands of the bankruptcy trustee and they will receive all of such funds if the claim of the Butler Manufacturing Company is not allowed as a secured claim.

Accordingly, they contest the referee's finding that the Butler claim is partially secured.

The lien affidavit here was filed under article 5455, Revised Statutes, Vernon's Ann.Civ.St.Tex. art. 5455, and it was conceded before the referee and is conceded now before the court that a lien affidavit of that character which fails to show the date on which the material was furnished or the labor performed, or the time of the accrual of the indebtedness, is fatally defective. See, also, Ball v. Davis, 118 Tex. 534, 18 S.W.2d 1063. While some question was raised before the referee as to the sufficiency of the date at the head of the invoice to show the date the material was furnished, the question has not been urged in trustee's brief before this court.

Accordingly, the short point in the case is whether a fatally defective record of a properly executed lien affidavit is sufficient to meet the requirements of the statute and operate as notice. In other words, conceding that the lien affidavit in this case was in proper shape, was the improper record of it by the clerk sufficient to conclude the rights of Noll and Weeke, whose trust lien was recorded a week later?

The point was decided against the Butler Company's contention by the Supreme Court of Texas in Taylor v. Harrison, 47 Tex. 454, 26 Am.Rep. 304. There, a deed, properly executed and acknowledged by a man and his wife, was filed for record. It was recorded by the clerk with the acknowledgments left off. The Supreme Court held that the acknowledgments were an indispensable part of the deed, and that by reason of their omission the deed was not properly recorded and creditors and subsequent purchasers were not chargeable with notice of it by reason of such defective record.

This case has never been overruled, and it has been followed by a number of cases in the Texas courts. Dean et al. v. Gibson et ux., Tex.Civ.App., 48 S.W. 57; William Carlisle & Co. v. King et al., 103 Tex. 620, 133 S.W. 241; Sanger Bros. v. Hammonds et al., Tex.Civ.App., 248 S.W. 477.

Some confusion with regard to the matter has arisen because of the earlier decision of the Supreme Court of Texas in Throckmorton v. Price, 28 Tex. 605, 91

Am.Dec. 334. It was this decision that the referee followed; he stating in his conclusions of law that the Supreme Court had evidently overlooked it in deciding Taylor v. Harrison. A close inspection of the Throckmorton Case will show that it is not in conflict with the Taylor Case.

In the Throckmorton Case, a deed of trust was left with the county clerk for record, but outside of placing his file mark on it and putting it in the proper place to be recorded as soon as reached, he took no action with regard to it at that time. The names of the parties to the instrument were not entered in alphabetical order in the book provided for by law, nor was the instrument indexed or recorded in the deed of trust records. While in the office awaiting entry in a book of record, other parties, having inquired and learned of no such instrument, dealt with the property in ignorance of its existence. Later, the clerk, discovering the deed of trust, advised the parties of their error. The court held that the instrument was to be considered as recorded from the time it was deposited for record, and that this removed all doubt as to when the notice took effect. The party depositing the instrument for record was not responsible for the failure of the clerk to enter the names of the parties to the instrument in alphabetical order in the proper book or to index the instrument. Accordingly, the deed of trust having been deposited for record, notice existed from that date, despite the fact that the clerk had not made the proper entries.

There are certain expressions used by the court in this case which are broader than the point involved, and it is those expressions which have led to the consequent confusion with regard to the two cases. Both of the opinions were delivered by Judge Moore, and it is inconceivable that in rendering the opinion in Taylor v. Harrison, he would have overlooked the earlier case.

The point about the matter is that the two cases, when considered upon their facts, in no way conflict.

In the Throckmorton Case, there was no question of imperfect or defective record. The instrument was left there with the clerk for record, and was in the clerk's office at the time the second parties dealt with the property. The clerk had simply failed to do his duty with regard to listing, indexing, and recording the instru-ment. So long as this was true, the instrument stood there as a caveat to all the world of its own contents. The notice began at the time it was deposited for record. That was and still is provided for by statute. See article 6596, Vernon's Annotated Texas Civil Statutes.

In the Taylor Case, the parties were relying upon the defective record. The instrument itself, so far as the case shows, was not in the clerk's office. The clerk had recorded it and had recorded it improperly, in that he had left off the acknowledgment of a man and his wife. After the return of the deed, the only notice which the world had was that created by the record. And that is indisputably the holding of Taylor v. Harrison. It is manifest that since the statute makes the filing of an instrument notice, the instrument itself constitutes the notice until the clerk records it. After he records it and it leaves his office, the record then constitutes the notice, and if that record be fatally defective, then the notice is wanting.

That this is the correct construction of these two decisions is evidenced by the opinions of the courts of Texas construing them.

In Sanger Bros. v. Hammonds, Tex. Civ.App., 248 S.W. 477, the court, discussing these two cases, said, in part, as follows:

"In the case of Throckmorton v. Price, 28 Tex. 605, 91 Am.Dec. 334, a deed of trust had been filed with the clerk for record. While it was still in the custody of the clerk, and before it was placed on the record, the land was sold by the mortgagor to one who had no actual notice of the deed of trust. The question before the Supreme Court was, When did constructive notice begin? Judge Moore, in rendering the opinion, held that it commenced with the filing of the deed of trust with the clerk. He based his conclusion upon provisions of the statute. In Taylor v. Harrison, 47 Tex. 454, 26 Am.Rep. 304, a conveyance had been executed and properly acknowledged by both the grantor and his wife. It was later filed for record, and all of it recorded except the acknowledgment. Judge Moore, who also rendered the opinion in this case, held that the defect in the record was not notice. In the discussion he used this language:

" 'It is therefore held, that a deed not properly acknowledged or proved for rec-

ord, although in fact duly executed, will not operate as notice of such deed; and though it may have been duly proved or acknowledged for record, if, in some material respect, it has been improperly recorded, the same result follows from such omission, and the record will only give notice of the existence of such an instrument as that exhibited by it.'

"That case has been regarded by some courts as being in conflict with the case of Throckmorton v. Price. See Dean et al. v. Gibson (Tex.Civ.App.) 48 S.W. 57; Wm. Carlisle & Co. v. King (Tex.Civ. App.) 122 S.W. 581. This last case, however, does not follow that view.

"When examined in the light of the facts, there is no real conflict between these two cases. In Throckmorton v. Price the instrument recorded had been filed with the clerk as required by statute, and was in his custody continuously from that time until it was recorded and afterwards withdrawn. The question there was, When did record notice begin? The statute answers that question. In Taylor v. Harrison the deed had been filed with the clerk, and all of it put on record except the acknowledgment. It was then withdrawn from the office of the clerk, leaving as notice to others dealing with that property only a defective record. The Supreme Court held that such a record was not constructive notice, because it did not show an instrument that was, under the statute, subject to record. It was, in effect, held that subsequent purchasers and lienholders had no constructive notice of anything beyond what was disclosed by that record. * * *

"While the conveyance filed with the clerk is still in his office, the statute makes that notice of all the conveyance contains; but when the conveyance has been placed of record and the original instrument withdrawn from the custody of the clerk, the statute makes the record the notice, and that record is the only notice which subsequent purchasers and lienholders may have. Let us suppose that an instrument is filed for record and afterwards withdrawn with a certificate from the clerk that it had been recorded, when in fact no record had been made. Can it be said that the filing would perpetuate the constructive notice which began when the instrument was deposited with the clerk? We think it would be manifestly unjust to so hold. One who relies upon a record to protect his rights is charged with a knowledge of what that record contains. It has been said that the holder of a deed filed for record is not required to see that the clerk performs his duty. That may be true in some instances; but the holder of such an instrument should be required to take notice of the clerk's failure to do his duty in the making of a defective record."

In Dean v. Gibson, Tex.Civ.App., 48 S.W. 57, the court there, following Taylor v. Harrison, held that the imperfect record of a deed was not constructive notice. It clearly draws the line of demarcation between the Taylor Case and the Throckmorton Case, and is consistent with the conclusions heretofore reached in this opinion.

That the same view about the matter is entertained by the Supreme Court of Texas is evidenced by the discussion of the two cases by that court in William Carlisle & Co. v. King et al., 103 Tex. 620, 133 S.W. 241, 244. There, in affirming the decision of the Court of Civil Appeals, 122 S.W. 581, Judge Brown, who wrote for the court, said: "Plaintiff in error cites the case of Taylor v. Harrison, 47 Tex. 454, 26 Am.Rep. 304, in which Judge Moore wrote the opinion. It is claimed by counsel for the plaintiff in error that the latter case is in conflict with the decision in Throckmorton v. Price, but a comparison of the cases will show that in this the learned counsel is mistaken. *As reported, it does not appear in Taylor v. Harrison whether the deed in question, after the imperfect record was made, was left in the files of the office of the clerk of the county or not, and we feel sure that Judge Moore would not have overlooked so important a fact in preparing the opinion, if it had appeared in the record.* Joseph Bledsoe known to the writer to have been one of the most accurate and learned lawyers of his time, represented Harrison in that case, and if such an important fact to his client had existed, he surely would have made it appear in the record of the trial and would have availed himself of it in defense of his client's interest. We know of no case which is in conflict with the decision of Throckmorton v. Price." (Italics mine.)

The italicized expression makes it clear that the important matter in the two cases was the question as to whether the instrument remained in the office of the clerk

to serve as notice on its own account, or whether it was withdrawn and the record stood as notice.

This is further emphasized by the decision of the Court of Civil Appeals in the same case, 122 S.W. 581, 584. There, the court, in part, said: "There is no conflict between Throckmorton v. Price and Taylor v. Harrison, 47 Tex. [454], 458, 26 Am.Rep. 304. Dean v. Gibson, supra; Wade on Notice, § 149. * * * We understand it to be the well-settled rule that a recorded deed, by virtue alone of the record, is constructive notice only of what appears on the face of the deed. McLouth v. Hurt, 51 Tex. 115; Carter v. Hawkins, 62 Tex. [393], 395."

See, also, 36 Texas Jurisprudence, p. 490, § 57.

Bassett v. Brewer, 74 Tex. 554, 12 S.W. 229, an opinion by the Commission merely reaffirmed the holding of the Throckmorton Case by deciding that a lien affidavit was valid if deposited for filing in time, even though the clerk did not record it until later. There was no question there of a reliance upon a defective recording, and accordingly it is no authority here.

The case of Hudson v. Randolph, 5 Cir., 66 F. 216, strongly relied on by Butler Company, was decided in 1894, upon that court's construction of the Texas authorities as they then stood. The court's construction and interpretation of the doctrines of Throckmorton v. Price and Taylor v. Harrison were, of course, unaided by the decision of the Supreme Court of Texas in William Carlisle & Co. v. King, supra, the Court of Civil Appeals in the same case, the decision in Dean v. Gibson, supra, and Sanger Bros. v. Hammonds, supra.

Federal courts will ordinarily follow the state courts in the construction they place on their own statutes. The proper construction of the Taylor and Throckmorton Cases having been now determined by courts of last resort in Texas, it is the duty of this court to follow that construction.

It accordingly follows that the record of the lien affidavit, being fatally defective, constituted no notice to subsequent bona fide purchasers or incumbrancers.

The order of the referee will be set aside, and another order entered classifying the Butler Manufacturing Company's claim as unsecured in its entirety.