LAKE CENTER BOATWORKS, INC., D/B/A Lake Center Marina, Plaintiff–Appellant,

v.

Edward MARTIN and Betty Martin, Defendants–Respondents.

No. 58324.

Missouri Court of Appeals, Eastern District, Division Three.

March 5, 1991.

---

Anthony G. Tumminello, Kirkwood, for plaintiff-appellant.

Daniel T. Rabbitt, Jr., James B. James, Brown, James & Rabbitt, St. Louis, for defendants-respondents.

CRANE, Judge.

Plaintiff marina appeals from the judgment of the trial court granting summary judgment in favor of defendant boat owners in an action for damages for breach of an indemnity provision in a marina licensing agreement. Plaintiff further appeals from the trial court's order denying its motion for summary judgment. We affirm.

Plaintiff Lake Center Boatworks [Lake Center] owns and operates a marina. It entered into a licensing agreement with defendants Edward and Betty Martin which provided that defendants would have use of a "slip" at the Lake Center Marina to dock their boat, the "Betty J", between

March 1, 1984, and February 28, 1985. The agreement contained the following provision:

That he [defendant Martin] assumes all risk and liability for personal injuries, property damage, or for loss of life or property resulting from, or in any way connected with the use of the boat dock, dock space and waters, the harbor facilities and land appurtenances adjacent to said boat dock and dock space covered by this license and any means of ingress or egress therefrom, and agrees to fully indemnify licensor with respect thereto, including any legal expense of licensor.

On January 20, 1985, a fire destroyed another boat and the "Betty J" and damaged parts of the marina. Lake Center's damages were $51,781.48. Of this amount, $24,727.56 was covered by Lake Center's insurance.

Lake Center brought this action for breach of the indemnity provisions of the license agreement, seeking damages in the amount of $27,053.92. Defendants moved for summary judgment on the grounds that the indemnity clause only required them to indemnify Lake Center for damages caused by their own negligence, that there was no allegation that the fire was caused by their negligence and accordingly there was no breach of the indemnity clause. Lake Center moved for summary judgment on the grounds that the admissions in defendant Edward Martin's deposition entitled it to judgment in its favor. The trial court entered judgment on defendants' motion and overruled Lake Center's motion.

As a preliminary matter we grant Lake Center's Motion to Strike Defendants' Memorandum in Support of Summary Judgment from the legal file. Rule 81.-12(b). We have not considered this material in our determination of the merits of the appeal.

■ Defendants request that Lake Center's brief be dismissed for failure to comply with Rule 84.04. The Statement of Facts is a listing and paraphrasing of the pleadings filed in the trial court. No page references are made to the legal file. This does not satisfy the requirements of Rule 84.04(c) and (h). *See Greater Missouri Builders v. Blattner*, 555 S.W.2d 648 (Mo. App.1977). Furthermore, the Points Relied On do not comply with Rule 84.04(d). They read as follows:

I. The court erred in denying appellant's motion for interlocutory summary judgment.

II. The court erred in granting respondent's motion for summary judgment.

These points do not state "wherein and why" the rulings are claimed to be erroneous. *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). Notwithstanding the failure of the statement of facts and the points to comply with the rules, we will consider the issues raised in the arguments under the points in order to review and determine the issues on the merits.

■ For its first point, Lake Center contends the trial court erred in denying its motion for summary judgment. Ordinarily, an order overruling a motion for summary judgment is not an appealable order. *Kaufman v. Bormaster*, 599 S.W.2d 35, 37 (Mo.App.1980). This rule applies equally to the situation where, as here, the order denying summary judgment to one party is entered at the same time as an appealable order granting summary judgment to the other party. *Id.* at 38.

For its second point, Lake Center asserts that the court erred in granting defendants' motion for summary judgment. We disagree. Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c).

The sole issue is whether the indemnity clause of the license agreement is restricted to damage caused by defendants' negligence or extends to all damage, irrespective of cause. Defendants claim that they are entitled to summary judgment because Lake Center did not allege any negligence on their part and there was no evidence that the fire started on their boat or other-

wise resulted from their negligence which would create an issue of fact. Lake Center argues that negligence is irrelevant. It states that it does not contend that the fire started on defendants' boat, but argues that the fact defendants' boat did catch fire and that that fire spread to the dock was sufficient under the indemnity agreement to require defendants to reimburse it for the loss.

▆ A contract of indemnity is construed to cover all losses, damages or liabilities which it reasonably appears to have been intended by the parties to cover. *Knowles v. Moore*, 622 S.W.2d 803, 806 (Mo.App.1981). It is not construed to extend to losses, damages or liabilities which are neither expressly within its terms nor of such character that it can reasonably be inferred that they were intended to be within the contract. 42 C.J.S. Indemnity § 12 (1944). "[A]n indemnitor is not liable to the indemnitee unless the liability is directly provided for by the indemnity agreement." *Midwestern Realty Corp. v. City of Grandview*, 416 S.W.2d 35, 38 (Mo.App.1967). It is a principle of indemnity law that: "In order that a person who has paid damages may be entitled to indemnity from another, it is essential that such other be the one who is primarily responsible for the negligence or wrongful act which caused the injury." *Handly v. Lyons*, 475 S.W.2d 451, 465 (Mo.App.1971) quoting 42 C.J.S. § 23, p. 600 (1944). Since indemnity is an obligation that ordinarily arises only upon a party's negligence, a contract to indemnify must be so construed unless the contract expressly enlarges the obligation.

▆ The indemnity clause of the license agreement did not specifically extend liability to events not resulting from defendants' negligence. Furthermore, considering that this was a license agreement merely to dock a boat at a marina for one year, this agreement cannot reasonably be construed to mean that defendants intended to indemnify Lake Center against all possible hazards to the dock during that year. A reasonable construction of this provision indicates that the parties intended to impose liability solely for damages or destruction resulting from defendants' negligence. *Superior Ice & Coal Co. v. Belger Cartage Service, Inc.*, 337 S.W.2d 897, 903 (Mo. 1960). Accordingly defendants were not required by the indemnity clause to indemnify Lake Center and did not breach that agreement. Defendants were entitled to summary judgment as a matter of law.

The judgment of the trial court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.