**CITY OF BELTON, Respondent,**

v.

**COMMUNITY BANK, N.A., Appellant.**

No. WD 46275.

Missouri Court of Appeals, Western District.

Aug. 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1993.

Application to Transfer Denied Nov. 23, 1993.

William Youngs Frick, Kirksville, Mark G. Stingley, Kansas City, for appellant.

Loren Moll, Overland Park, Julie L. Prewitt, Kansas City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

KENNEDY, Presiding Judge.

Community Bank, N.A., appeals from a judgment in the trial court which quieted title in the City of Belton to a certain tract of land in Cass County, as against Community Bank's claim that it had a prior judgment lien on the land.

Community Bank had a judgment in the Circuit Court of Jackson County, Missouri, against four defendants, Westport Developers, Carl M. Wilson, Orville James Bowers and Ruth Ann Bowers. The date of the judgment was May 21, 1991. Its amount was $1,828,660.91, upon which there remains unpaid the sum of $622,660.91.

On May 28, 1991, Community Bank filed an authenticated transcript of the judgment and the acknowledgement of partial satisfaction in the office of the Circuit Clerk of Cass County, Missouri, in accordance with section 511.440, RSMo 1986.[1] Orville James Bowers and Ruth Ann Bowers owned a 60–acre tract of real estate in Cass County.

The Cass County Circuit Clerk's office duly recorded the transcript as required by section 511.450. In entering the same in the "judgment docket" of the court, however, as that statute calls for, the clerk did not index the same under the names of Orville James Bowers and Ruth Ann Bowers, as required by section 511.460. The judgment was indexed only under the name of "Westport

---

1. All statutory references are to RSMo 1986, unless otherwise noted.

Developers." The Bowers name did not appear in the caption of the judgment as defendant. The defendants were named in the caption as "Westport Developers et al." In the body of the judgment, however, the two Bowerses were named as defendants against whom the judgment ran along with Westport Developers and Carl M. Wilson.

The City of Belton entered into a contract to buy the Bowerses' 60–acre tract of real estate for $130,000. The City of Belton did not know about the Community Bank judgment against the Bowerses. The title company did not find the judgment in its title search, since it was not indexed under the name of "Bowers."

The City of Belton completed its purchase of the Bowers land, paying to the holders of liens on the land the entire contract price. The Bowerses themselves received none of the purchase price.[2] Their warranty deed to the property was dated August 6, 1991.

After learning about the Community Bank judgment against the Bowerses, the city initiated the present declaratory judgment suit against Community Bank. The trial court heard evidence and entered judgment quieting title in the city. Community Bank has appealed. We reverse the judgment.

■ The City of Belton maintains that the docketing, or indexing, procedure provided by section 511.450 is essential to the constructive notice which the public recording statutes purpose intend to furnish to the public.

Community Bank, on the other hand, says it was not required to see to it the circuit clerk did his or her duty in indexing the Community Bank judgment correctly—that the filing of the transcript of the judgment gave it a lien on the Bowers land in Cass County, and at the same time gave constructive notice of its existence to the public.

The pertinent statutes are as follows:

Section 511.440

Judgments and decrees obtained in ... any court of record in this state, shall, upon the filing of a transcript thereof in the office of the clerk of the circuit court of any other county, be a lien upon the real estate of the person against whom such judgment is rendered, situate in the county in which such transcript is filed.

Section 511.450

As soon as such transcript shall be filed in the office of the clerk of the circuit court of any county, the clerk thereof shall forthwith enter the judgment or decree in the judgment docket of said court, in the same manner as is provided for entering judgments rendered in such court; and the clerk shall also record such transcript in a book to be kept for that purpose, and shall note, both upon the judgment docket and upon the record of such transcript, the time of filing the same in his office.

Section 511.440 is substantially rescripted in Supreme Court Rule 74.13(a), and makes the filing of the judgment transcript the lien event. There is no Supreme Court rule parallel to section 511.450, directing the entry of the judgment and the docketing thereof by the clerk of the circuit court.

We hold that the filing of the transcript of the judgment in the office of the Cass County Circuit Clerk, as provided by section 511.440, gave the Community Bank a lien upon the Bowers land in Cass County. At that point, it became the duty of the circuit clerk to comply with the recording and docketing requirements of section 511.450, but the judgment is still effective as a lien on the judgment debtor's real estate even if the circuit clerk does not perform his or her procedural and clerical duties correctly with respect to the docketing, or indexing, of the judgment.

In the foregoing holding, we are supported by *Bishop v. Schneider*, 46 Mo. 472 (1870). In that case, the Supreme Court of Missouri, in a case under statutes relating to recording of land conveyances, held that a mortgage which was delivered to the recorder of deeds and copied into the records, but which was not indexed under all the defendants' names as required by (now) section 511.460, still gave constructive notice of its existence.

---

**2.** The liens paid from the purchase price were prior in time, both as to execution and recording, to the filing of the Community Bank judgment.

The City of Belton has not asserted in this litigation any right of subrogation to such discharged liens.

The court said, in language which may be applied to our case:

> The grantee has no control over the official acts of the recorder, and when he has delivered to the officer his deed, he has performed all the duty within his power; and when the deed is copied on the record, the statute says it shall be considered as recorded from the time it was delivered. The subsequent sections are distinct and independent provisions respecting indexing, and do not form a part of the law as to recording. They impose a duty on the officer, and denounce a liability for a neglect or a refusal to obey that duty, but they do not make what has been previously done void.

*Bishop*, 46 Mo. at 477.

See also *Lewis v. Barnes*, 272 Mo. 377, 199 S.W. 212, 220 (banc 1917); *Barber Asphalt Paving Co. v. O'Brien*, 128 Mo.App. 267, 107 S.W. 25, 29 (1908).

We are unable, with respect to judgments, to separate the existence of the judgment lien, on the one hand, from constructive notice of the lien on the other hand. *Knutson v. Christeson*, 684 S.W.2d 549 (Mo.App.1984); 92 C.J.S. *Vendor and Purchaser*, § 329 (1955). When the statute says the judgment is a lien, it means the public has constructive notice of the lien. In connection with constructive notice given by recording, a judgment is not analogous to a mortgage. A tract of real estate might be subject to a private and secret mortgage on a tract of real estate, which would be good as between the mortgagor and the mortgagee, but a later bona fide purchaser of the land for value without notice would take free and clear of the encumbrance. There is, however, no such thing as a private or secret judgment; in its nature, it is a public record from the time of its rendition. Until it is a public record, it is no lien.

With respect to the lien of a judgment in the county of its rendition, section 511.500, RSMo Supp.1992 now provides expressly that the judgment is not a lien until it is indexed as directed by that statute. It is to be noted that the statute says, not that the judgment does not give notice to the world of its existence until it is properly indexed, but that the judgment is not a lien at all until it is properly indexed. There is no similar provision with respect to transcripts of judgments filed in a county other than the county of their rendition. In the legislative consideration of the bill that became section 511.500, supra, the procedure for the filing and indexing of judgments transcripted from the county of rendition to another county would naturally suggest itself. In that setting, the omission of the requirement of proper indexing as a prerequisite to the lien of the transcripted judgment on the judgment debtor's real estate in that county indicates the omission was deliberate. The omission is indicative of a legislative intent that transcripted judgments become liens upon the judgment debtor's real estate in the county of its filing, notwithstanding the failure of the circuit clerk properly to docket, or index, the judgment.

Judgment reversed, and cause remanded for the entry of a new judgment that the lien of the Community Bank judgment has priority over the conveyance by the Bowerses to the City of Belton.

All concur.