Ivie JOHNSON, Appellant,

v.

JACKSON COUNTY, Missouri, Respondent.

No. WD 50382.

Missouri Court of Appeals, Western District.

Sept. 26, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1995.

Application to Transfer Denied Dec. 19, 1995.

Jerry Kenter, John B. Boyd, Kansas City, for appellant.

David S. Durbin, Jane E. Rosenthal, Kansas City, for respondent.

Before FENNER, C.J., and KENNEDY and SMART, JJ.

PER CURIAM:

Ivie Johnson appeals the trial court's dismissal of her Petition for Review challenging her discharge from employment as a cook at the McCune Home for Boys. Ms. Johnson asserted in her petition that she was entitled to circuit court review of the Executive Management Committee's decision that her termination did not warrant further review.

Ms. Johnson raises four points on appeal arguing that the trial court erred in granting summary judgment in that: (1) Ms. Johnson was an employee of Jackson County, Mis-

souri, rather than an employee of the Circuit Court of Jackson County; (2) Ms. Johnson was entitled to relief under Chapter 536, RSMo 1994,[1] because (a) she exhausted all her administrative remedies, (b) she was an "aggrieved party", and (c) her case was a "contested case" as required by § 536.100; (3) Ms. Johnson was denied equal protection of the law under the Fourteenth Amendment to the Constitution of the United States and Article I, Section 2 of the Missouri Constitution because a distinction was made between cooks working for the circuit court and cooks working for the county; and (4) the provision of § 536.100 which excepts courts from coverage by the Missouri Administrative Procedures Act violates Article 5, Section 18 of the Missouri Constitution, which provides that all decisions or rulings by an administrative officer or body which are judicial or quasi-judicial and affect private rights shall be subject to direct review by the courts.

The trial court's grant of summary judgment is affirmed.

Ivie Johnson was employed at the McCune Home for Boys as a Cook II. She missed work to receive treatment for the medical condition of repetitive motion disorder, which she suffers in both hands. On March 22, 1994, Ms. Johnson was fired for excessive absenteeism.

Upon her termination, Ms. Johnson requested and was granted a dismissal review hearing pursuant to Missouri Supreme Court Administrative Rule 7.01.B.11.4(b)(7) and Jackson County Circuit Court Rule 100.1.11. After the hearing, the Dismissal Review Committee upheld Ms. Johnson's termination, and Ms. Johnson appealed to the circuit court's Executive Management Committee. The latter committee found that the decision to terminate Ms. Johnson did not warrant further review. This decision of the Executive Management Committee was final and exhausted all administrative remedies available to Ms. Johnson.

Ms. Johnson filed a petition for judicial review in the Circuit Court of Jackson Coun-

1. All statutory citations are to the Revised Statutes of Missouri 1994, unless otherwise indicated.

ty, Missouri, naming Jackson County, Missouri, as the sole defendant. A motion to dismiss and suggestions in support of the motion were filed by the Circuit Court of Jackson County, Office of the Court Administrator, as defendant. In response, Ms. Johnson filed her Suggestions in Opposition to Defendant's Motion to Dismiss. Thereafter, the trial court held that Ms. Johnson was an employee of the Circuit Court of Jackson County, Missouri. The court ordered her petition for review dismissed because she sued the County of Jackson rather than the Circuit Court of Jackson County. The trial court based its dismissal upon a finding that any action against the Circuit Court of Jackson County would be time barred by § 536.110.1, since more than thirty days had passed after the mailing or delivery of the notice of the Executive Management Committee's final decision. The trial court also found the proceeding should be dismissed because the Circuit Court of Jackson County is not an agency within the purview of Chapter 536 RSMo, relating to Administrative Procedure and Review.

The motion sustained by the trial court was captioned a motion to dismiss and the trial court purported to dismiss Ms. Johnson's petition. Rather than rule on the petition, however, the trial court considered matters outside the petition. Therefore, the motion should be treated as a motion for summary judgment, *King Gen. Contr. v. Reorganized Church*, 821 S.W.2d 495, 498–99 (Mo. banc 1991), and the case must be analyzed under the summary judgment standard of *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371 (Mo. banc 1993).[2]

■ In an appeal from summary judgment, the record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences which may be drawn from the evidence. *Id.* at 376. Appellate review of the propriety of summary judgment is essentially de novo. *Id.*[3] The trial court's judgment is based on the record submitted and the law, so no deference need be given to the trial court's order granting summary judgment. *Id.* Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issues of material fact exist and the movant has a right to judgment as a matter of law. *Gen. Motors v. Kansas City*, 895 S.W.2d 59, 61 (Mo.App.1995).

■ In her first point, Ms. Johnson argues that the trial court erred in determining that she was an employee of the Circuit Court of Jackson County rather than an employee of Jackson County. In support of her contention that she is not an employee of the Circuit Court, Ms. Johnson cites § 211.381, which fixes compensation for certain personnel in the juvenile division of the circuit court.[4] Mr. Johnson argues that since the position of cook is not mentioned in the statute she is not an employee of the circuit court.

Ms. Johnson's argument concerning the identity of her employer must be considered in terms of the summary judgment standard of review. Inherent in the grant of summary judgment is a finding that there was no genuine dispute of the fact that Ms. Johnson was an employee of the Circuit Court of Jackson County. If the identity of Ms. Johnson's employer was disputed or if, as claimed by Ms. Johnson, it was undisputed that she was employed by Jackson County rather

2. Ms. Johnson did not complain, nor can she complain, that the trial court failed to give her notice that it was treating the motion to dismiss as a motion for summary judgment. Since Ms. Johnson herself introduced evidence beyond the petition in her response to the motion to dismiss, she should have known that the motion was converted to a motion for summary judgment, and under the circumstances, she was not surprised by the conversion of the motion. *Shafer v. Western Holding Corp.*, 673 S.W.2d 117, 119–120 (Mo.App.1984).

3. Although Ms. Johnson did not object at trial or raise the issue on appeal, it is noted that a judge of the Circuit Court of Jackson County ruled on a motion to dismiss that was filed by the Office of the Court Administrator of the Circuit Court of Jackson County. Considering that this court reviews the grant of summary judgment de novo, there are no matters raised by this circumstance which must be addressed.

4. The McCune Home for Boys is a juvenile facility operated by the Circuit Court of Jackson County.

than the Circuit Court of Jackson County, summary judgment for Jackson County would not lie.

In its motion to dismiss, the Circuit Court of Jackson County alleged that the trial court lacked subject matter jurisdiction over the petition because "personnel decisions regarding court staff involve the exercise of judicial discretion and should not be subject to review under MAPA." Implicit in such an assertion is the statement of fact that Ms. Johnson was an employee of the Circuit Court of Jackson County. A reading of Ms. Johnson's pleadings reveals she did not contest the fact that she was an employee of the Circuit Court of Jackson County. In her suggestions in opposition to the Circuit Court of Jackson County's motion to dismiss, Ms. Johnson's discussion focused on "court employees." At no time does she challenge the identity of her employer or assert that she is an employee of Jackson County rather than of the Circuit Court of Jackson County.

Facts pled in support of a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *ITT*, 854 S.W.2d at 376. As Ms. Johnson failed to contest the fact that she was an employee of the Circuit Court of Jackson County in her response to the motion for summary judgment, that fact is considered to be true for the purposes of the summary judgment motion.

■■■ Given the uncontradicted fact that it was the Circuit Court of Jackson County, not Jackson County, that was Ms. Johnson's employer, Ms. Johnson sued the wrong party in her action challenging the termination of her employment. Where the defendant named in a petition is not the proper party to the action, the petition fails to state a claim upon which relief can be granted. *See Reed v. Liszewski*, 873 S.W.2d 942, 943 (Mo.App. 1994). And where a petition fails to state a claim upon which relief can be granted, the trial court is correct in ordering it dismissed, regardless of whether the order is treated as a summary judgment or as an order pursuant to a motion to dismiss. *In re Marriage of Harrison*, 734 S.W.2d 934, 938 (Mo.App. 1987).

This court's disposition of Ms. Johnson's first point on appeal renders it unnecessary to consider her other points on appeal. The judgment of the trial court is affirmed.