STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Appellant,

v.

Gene OVERALL, et al., Defendants–Respondents.

Nos. ED 77899, ED 77918.

Missouri Court of Appeals, Eastern District, Division Four.

June 29, 2001.

Application for Transfer to Supreme Court Denied Aug. 16, 2001.

Application for Transfer Denied Sept. 25, 2001.

John E. Toma, Jr., Richard L. Saville, Jr., Clayton, MO, for appellant.

Robert E. Jones, Clayton, MO, for respondent.

MOONEY, Presiding Judge.

The Missouri Highway and Transportation Commission ("MHTC") appeals from the trial court's grant of summary judgment in favor of the Snyder Family Limited Partnership II, Robert Snyder, Joyce Snyder (collectively "Snyder Defendants"), Kathy Hagen, Trustee, and Missouri State Bank and Trust Company ("MSBT"), on MHTC's fraudulent conveyance and declaratory judgment causes of action. MHTC contends that the trial court erred in granting summary judgment in favor of the Snyder Defendants and denying MHTC's motion for summary judgment: (1) on MHTC's fraudulent conveyance claim because MHTC provided substantial

evidence that the Snyder Defendants engaged in a fraudulent conveyance with William and Suzanne Matula; and (2) on MHTC's petition for declaratory judgment because the property in question remains encumbered by MHTC's judgment lien against the Matulas pursuant to section 511.500 RSMo. (2000).[1] We reverse and remand.[2]

This appeal stems from a condemnation commissioners' award entered on January 14, 1992, ordering MHTC to pay the Matulas $1,750,000 in compensation for the taking of approximately three acres of the Matulas' ten-acre parcel of real property. MHTC filed exceptions to the commissioners' award, demanded a jury trial, and on June 2, 1994, a jury verdict was entered in favor of the Matulas and Mercantile Bank and against MHTC in the amount of $1,426,333 stemming from the MHTC's taking of the Matulas' land. Because the commissioners' award the Matulas had already received exceeded the jury verdict, the Matulas had been overpaid $367,645.57. Accordingly, a judgment was entered against the Matulas for that amount. On June 3, 1994, the judgment against the Matulas was filed with the office of Gene Overall, St. Louis County Circuit Clerk. However, the judgment was not abstracted by the St. Louis County Circuit Clerk as required by section 511.510 until January 26, 1996, twenty months after the award was entered.

Prior to the judgment's being abstracted, the Matulas transferred to the Snyder Defendants their remaining interest in the property, approximately 7 acres, for $580,000. However, as of October 31, 1995, the date the property was transferred, the June 3, 1994 judgment against the Matulas remained unsatisfied. As a result, MHTC filed a lawsuit against the Snyder Defendants and the Matulas alleging that they had participated in a fraudulent conveyance of the property in order to avoid paying the judgment owed to MHTC. According to the MHTC's petition, a fraudulent conveyance occurred between the Snyder Defendants and the Matulas because the Matulas were insolvent at the time of the transfer, the property transferred was worth more than the Snyder Defendants paid for it, and the Matulas maintained a close and mutually profitable business relationship with the Snyder Defendants.[3] MHTC also filed suit against Defendants Gene Overall, St. Louis County and Safeco Insurance Company of America for their failure to timely abstract the judgment.[4] A separate cause of action was also brought by MHTC, which was later consolidated with the instant underlying action, seeking a declaratory judgment to determine the rights, obligations, and liabilities between MHTC, the Snyder Partnership, MSBT and Trustee, Cathy Hagen with respect to any judgment lien on the property in question. Cross-motions for summary judgment were filed by each of the parties, and the trial court granted summary judgment to the Snyder Defendants, Kathy Hagen and MSBT as to MHTC's fraudulent conveyance claim. With respect to MHTC's declaratory judgment claim, the trial court found that pursuant to section 511.500, the judgment

1. All further statutory references are to RSMo. (2000) unless otherwise indicated.

2. We grant MHTC's second motion to supplement the legal file.

3. The Matulas were dismissed from the lawsuit because of their personal bankruptcies.

4. On January 20, 2000, MHTC voluntarily dismissed without prejudice Defendants Gene Overall, St. Louis County and Safeco Insurance Company of America.

against the Matulas was not a judgment lien on their property on June 3, 1994 or June 8, 1994. MHTC filed this timely appeal.

### Standard of Review

Summary judgment is granted only in situations in which the movant can establish that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. Rule 74.04. This procedure has long been regarded as "an extreme and drastic remedy and great care should be exercised in utilizing the procedure." *Cooper v. Finke,* 376 S.W.2d 225, 229 (Mo.1964). At the foundation of such skepticism toward summary judgment is the suspicion that the procedure "borders on denial of due process in that it denies the opposing party his day in court." *Olson v. Auto Owners Ins. Co.,* 700 S.W.2d 882, 884 (Mo.App. E.D.1985).

■ When considering whether movant can establish that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, our review is essentially de novo as the propriety of summary judgment is purely a question of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.1993). We review the record in the light most favorable to the party against whom judgment was entered, and facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the nonmoving party's response to the summary judgment motion. *Id.* With this standard of review in mind, we review MHTC's claims of error on appeal.

### The Fraudulent Conveyance Claim

In its first point on appeal, MHTC contends that the trial court erred in granting summary judgment in favor of the Snyder Defendants and denying summary judgment for MHTC on its petition for fraudulent conveyance because MHTC provided substantial evidence that the Snyder Defendants participated in a fraudulent conveyance with the Matulas. In support of its summary judgment motion regarding the fraudulent conveyance claim, MHTC points to the following facts: the Matulas were insolvent on the date they conveyed the property to the Snyder Defendants, the value of the property was far in excess of the amount paid by the Snyder Defendants, the Snyder Defendants either paid or arranged for others to pay the Matulas substantial sums of money both during and after the property transfer, and the Matulas and the Snyder Defendants enjoyed a close and mutually profitable business relationship.

■ At the outset, we decline to review MHTC's claim that the trial court erred in denying its motion for summary judgment because an order denying a summary judgment motion is generally not appealable. *Jones v. Landmark Leasing, Ltd.,* 957 S.W.2d 369, 373 (Mo.App. E.D.1997), *citing Lake Center Boatworks, Inc. v. Martin,* 804 S.W.2d 842, 844 (Mo.App. E.D.1991). This is true even if the denial occurs at the same time summary judgment is granted to the other party. *Clooney v. Pre–Paid Legal Svcs., Inc.,* 830 S.W.2d 566, 568 (Mo.App. E.D.1992). Therefore, we need only consider whether the trial court erred in granting summary judgment to the Snyder Defendants.[5]

---

**5.** We note that MHTC does not allege in its point relied on that the trial court erred in granting summary judgment to either MSBT or Kathy Hagen. Therefore, any claim of error with respect to either party is unpreserved and summary judgment as to them is affirmed on the fraudulent conveyance claim.

■ Pursuant to section 428.024(1), a transfer is fraudulent "as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor. . . ." Section 428.029(1) further states in pertinent part that:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

Therefore, a transfer is fraudulent as against creditors whose claims arose before the transfer was made if: (1) the transfer was without reasonably equivalent value in exchange for the property, and (2) the debtor was insolvent at the time or became insolvent as a result of the transfer. However, pursuant to section 428.044(1), a transferee may defeat a fraudulent conveyance claim brought under section 428.029(1) by demonstrating that he took in good faith and paid a reasonably equivalent value for the property.

■ Reviewing the record in the light most favorable to MHTC, it adduced sufficient evidence that the Matulas were insolvent at the time of the property transfer and that the seven-acre parcel of land transferred by the Matulas to the Snyder Defendants had a fair market value of at least $1,600,000, according to an appraisal conducted on May 20, 1992. Further, MHTC contends that the property's fair market value on July 15, 1998, was $790,000, which was after the Snyder Defendants had transferred a portion of the property to the Rockwook Bank for $950,000. Therefore, assuming the truth of MHTC's valuations, the property was worth between $1,600,000 and $1,740,000, but was transferred by the Matulas to the Snyder Defendants for only $580,000. Given that the property was sold for at least $1,000,000 below the appraised value, there remains a genuine issue of material fact as to whether the transfer of land to the Snyder Defendants was for a "reasonably equivalent value." Therefore, we find that the trial court erred in granting summary judgment to the Snyder Defendants.

We further find that a genuine issue of material fact exists as to whether the transfer of property from the Matulas to the Snyder Defendants was in good faith. Again, assuming the facts in the light most favorable to MHTC, the Matulas did not maintain an arms-length transaction when transferring the property to the Snyder Defendants. To the contrary, according to MHTC, the Snyder Defendants were aware of MHTC's judgment prior to their purchase of the property, and the Snyder Defendants either paid directly or arranged for others to pay the Matulas substantial sums of money both during and after the sale of the property on October 31, 1995. Assuming such facts as true, we find a genuine issue of material fact regarding whether the property transfer was in good faith. Therefore, the instant action is removed from the grasp of summary judgment; MHTC must be allowed its day in court. Accordingly, we find that the trial court erred in granting the Snyder Defendants summary judgment.

*The Declaratory Judgment Claim*

■ MHTC also argues that the trial court erred in granting summary judgment to the Snyder Defendants and deny-

ing summary judgment[6] in favor of MHTC on MHTC's petition for declaratory judgment because pursuant to Missouri statute the judgment against the Matulas became a lien against the property on the original entry date of the judgment, June 3, 1994, or alternatively on June 8, 1994, five days after entry of the judgment.[7]

MHTC relies on several statutory provisions and Supreme Court Rule 74.08 in support of its second contention of error. First, in support of its argument that a lien arose on June 3, 1994, the date of the original entry of judgment, MHTC relies on section 511.350, 511.360 and Rule 74.08. In pertinent part, section 511.350 states that judgments rendered by a court of record "shall be liens on the real estate of the person against whom they are rendered, situate in the county for which or in which the court is held." Further, section 511.360 states that "[s]uch liens shall commence on the day of rendition of the judgment, and shall continue for three years, subject to be revived as herein provided." Similarly, Supreme Court Rule 74.08 dictates that "the lien of a judgment commences upon entry of the judgment, continues for a period of three years, and is revived by a revival of the judgment."[8]

In the alternative, MHTC relies on sections 511.500 and 511.510 in support of its argument that even if a lien did not arise

on the date judgment was entered, a lien attached when the judgment was abstracted or within five days after the judgment was rendered. According to section 511.500:

> No judgment hereafter rendered by any court shall be a lien on real estate situated in such counties or city not within a county, until an abstract of the judgment shall be entered in a record prepared and maintained in the manner prescribed by supreme court rule which shall be available for public inspection in the office of the circuit clerk . . .

More specifically, section 511.510 provides that "it shall be the duty of each of the circuit clerks, within five days after the rendition of any final judgment in their respective courts, to enter an abstract of such judgment in the record as required in Section 511.500, RSMo. . . ."

Upon review of the statutory provisions and Rule 74.08, we find there to be conflict as to whether a judgment lien arises when the judgment is entered, as mandated by sections 510.360 and Rule 74.08, when the judgment is abstracted pursuant to section 510.500, or within five days after rendition of a final judgment as required by section 511.510. We further note that Missouri courts have stated both that a judgment is not a lien until it is properly abstracted,

---

6. Again, we decline to review MHTC's claim regarding the denial of its motion for summary judgment because the denial of summary judgment is generally not appealable. *Jones*, 957 S.W.2d at 373, *citing Lake Center Boatworks, Inc.*, 804 S.W.2d at 844.

7. Again, we note that MHTC does not allege in its point relied on that the trial court erred in granting summary judgment to either MSBT or Kathy Hagen. Therefore, any claim of error with respect to either party is unpreserved and summary judgment as to them is affirmed. Thus, their interest as a mortgageholder would have priority over the judgment lien.

8. As explained in Rule 74.01, "[a] judgment is rendered when entered." We interpret such language to mean that the rendering and entry of a judgment occur at the same time. Therefore, although Rule 74.08 states that a judgment lien commences upon entry of judgment, and section 511.360 says that a judgment lien shall commence on the date of rendition, the effect of both the Rule and the statute are the same with respect to when a judgment lien arises. Therefore, we find no conflict between Rule 74.08 and section 511.360.

**228**

citing section 511.500, (*Metmor Financial, Inc. v. Landoll Corp.*, 976 S.W.2d 454, 459 (Mo.App. W.D.1998), *City of Belton v. Community Bank, N.A.*, 863 S.W.2d 345, 347 (Mo.App. W.D.1993)), and that the lien of a judgment commences upon entry of the judgment in accordance with sections 511.350, 511.360 and Rule 74.08 (*First American Title Ins. Co. v. Birdsong*, 31 S.W.3d 531, 536 (Mo.App. S.D.2000), *Young Electric Sign Co. v. Duschell Furniture of Arizona, Inc.*, 9 S.W.3d 685, 686 (Mo.App. E.D.1999), *Meyer v. Ragar*, 935 S.W.2d 97, 99 (Mo.App. W.D.1996), *Pruellage v. De Seaton Corp.*, 407 S.W.2d 36, 39 (Mo.App. E.D.1966)). Further, commentators have noted the lack of clarity regarding this question. *See* Theodore H. Hellmuth, Missouri Practice, Real Estate Law Transactions, sec. 1441 (1998); II Mo. Real Estate Practice section 15.50 (MoBar4th ed.2000).

However, Supreme Court rules govern over contradictory statutes in procedural matters. *State v. Reese*, 920 S.W.2d 94, 95 (Mo. banc 1996). The Missouri Supreme Court may establish rules relating to practice, procedure and pleading, which shall have the force and effect of law. Mo. Const. art. V, section 5. We find Rule 74.08 procedural in nature, as it provides a means for enforcing a judgment, rather than creating or defining an individual's rights. *See State ex rel. Union Elec. Co. v. Barnes*, 893 S.W.2d 804, 805 (Mo.1995). Therefore, we apply Rule 74.08 to the case at hand, and conclude that MHTC's judgment lien arose when the judgment was entered on June 3, 1994. Thus, the trial court erred in concluding that pursuant to section 511.500 the judgment against the Matulas was not a judgment lien on their property on June 3, 1994.

We reverse and remand for proceedings consistent with this opinion.

PAUL J. SIMON, J., and SHERRI B. SULLIVAN, J., concur.