**STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Appellant,**

v.

**Gene OVERALL, et al., Defendants/Respondents.**

**No. ED 78122.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 25, 2002.

Application for Transfer Denied
May 28, 2002.

John E. Toma, Jr., Clayton, MO, for appellant.

Douglas B. Rudman, Clayton, MO, for respondents.

MARY R. RUSSELL, Judge.

The Missouri Highway and Transportation Commission ("MHTC") appeals the trial court's dismissal of defendant Gene Overall ("Overall") from a suit seeking damages against him for failure to abstract a judgment in a timely manner. The trial court dismissed Overall because he was not a proper party. We affirm.

Westgrove Corporation ("Westgrove") and Mercantile Bank ("Mercantile") were awarded $1.25 million by condemnation commissioners in February 1992 as compensation for the taking or damaging of their property for the construction and maintenance of a state highway. MHTC paid the judgment amount to the court, and the money was distributed to Westgrove, Mercantile, and Westgrove's attorney. While the exceptions to the commissioners' award were pending, the parties filed a motion in the Circuit Court of St. Louis County for approval of their stipulation for settlement and judgment. The settlement provided that Westgrove and Mercantile should recover $900,000 from MHTC instead of the previous $1.25 million award from the commissioners. As a result of the reduction of the amount to be paid to the parties, MHTC was to be reimbursed $350,000 by the recipients of the previous commissioners' award, which it had already paid in full. Westgrove's portion of the reimbursement was $326,549.04.

The court approved the agreement on December 20, 1995, and entered judgment to that effect. An abstract of the judgment was entered into the minutes of the circuit clerk's file that day. Westgrove then transferred the property on December 28, 1995, to David and Patricia Matula, who granted a $210,000 mortgage to Capital Bank and Trust. Overall abstracted the judgment on December 29, 1995. Westgrove failed to pay the judgment, however, and MHTC filed a petition on December 17, 1998, requesting relief related to the property and the judgment. MHTC alleged that Overall's failure to abstract the judgment in a timely manner resulted in its lien being subordinate to the bank's mortgage on the property. This appeal originates from that petition, wherein MHTC pleaded six causes of action against several defendants.

The first two counts of MHTC's petition named Bob Ruhland ("Ruhland"), as Director of Judicial Administration of St. Louis County, and Overall, as Circuit Clerk for St. Louis County, as defendants. MHTC first alleged that it was damaged as a result of Ruhland and Overall violating their section 511.510 RSMo 2000[1] duties in their failure to abstract the December 20, 1995, judgment in a timely manner.[2] The second count asserted that Overall and Ruhland were negligent in that they failed to exercise reasonable care and diligence in the discharge of their official duties. The three remaining causes of action pleaded by MHTC are not pertinent to the discussion of this appeal.

Overall filed a motion for his dismissal as a defendant. The trial court, without

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

2. Section 511.510, titled "Duty of clerk to furnish and enter abstracts-satisfaction of judgments-liability of clerk," provides in pertinent part:
   It shall be the duty of each of the circuit clerks, within five days after the rendition of any final judgment in their respective courts, to enter an abstract of such judgment in the record as required in section 511.500; and each circuit clerk shall immediately enter the same when the abstract aforesaid shall be furnished to such clerk by any party interested, or such party's agent; and each of the clerks and their sureties shall be respectively liable for any damage occasioned by any neglect to perform the duties hereby required of them respectively. . . .

stating the grounds for its conclusion, found that he was not a proper party and granted his motion.[3] MHTC appeals that decision.

When the trial court does not indicate its reason for dismissal, we will assume its actions were in accordance with reasons offered in the motion to dismiss. *De Mere v. Mo. State Highway & Transp. Comm'n,* 876 S.W.2d 652, 654 (Mo.App. 1994). Its decision will be affirmed if any argument in the motion to dismiss can sustain the trial court's dismissal. *Saidawi v. Giovanni's Little Place, Inc.,* 987 S.W.2d 501, 504 (Mo.App.1999).

"Where the defendant named in a petition is not the proper party to the action, the petition fails to state a claim upon which relief can be granted." *Johnson v. Jackson County,* 910 S.W.2d 303, 306 (Mo.App.1995). When reviewing the grant of a motion to dismiss for failure to state a cause of action, we assume that all of the plaintiff's averments are true and grant the plaintiff all reasonable inferences therefrom. *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.,* 32 S.W.3d 592, 597–98 (Mo.App.2000). We do not weigh the facts or determine their persuasiveness or degree of credibility. *Id.* at 598. The key determination is whether the facts alleged meet the elements of a recognized cause of action or one that might be adopted in that case. *Id.*

In his motion for dismissal as a defendant, Overall included an argument that MHTC failed to state a claim either pursuant to section 511.510 or for negligence. Overall claimed that the five-day period, established by section 511.510, for the circuit clerk to enter the abstract had not expired when the property was transferred. It asserted that, as a result, it was not feasible for MHTC to show it was damaged by Overall's failure to abstract the judgment until December 29, 1995.

In order to understand how to calculate the five-day period for abstraction allotted by section 511.510, we must consult Rule 44.01, which provides in pertinent part:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

We note at the outset that "[a]ppellate courts take judicial notice of calendars and dates on which a particular day of the week fell." *Haller v. Shaw,* 555 S.W.2d 703, 704 (Mo.App.1977). The day of the act in question, the entry of the judgment, was Wednesday, December 20, 1995. Therefore, the first and second days in the five-day period were Thursday, December 21 and Friday, December 22. The next two days, Saturday and Sunday, December 23 and 24, respectively, do not count as part of the five-day period. Monday, December 25 was a legal holiday and, as such, was not included in the five-day allotment. The third and fourth days in the five-day interval were Tuesday, December 26 and Wednesday, December 27. The fifth and final day for the clerk to abstract the judgment was Thursday, December 28,

---

**3.** Following Overall's dismissal, MHTC voluntarily dismissed its petition against the remaining defendants and subsequently refiled the same causes of action against all of them except Overall.

which was also the day the property was transferred to the Matulas.

The transfer of the property on the last day of the clerk's five-day period creates a fatal obstacle for MHTC's claims against Overall, regardless of whether those claims are framed in terms of negligence or in strict liability. "An essential element of the plaintiff's cause of action for negligence, or for that matter for any other tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS, section 41, at 263 (5th ed.1984).

Where the statutory period allowed Overall to enter an abstract of the judgment through December 28, anyone attempting to verify the record would not have known whether the entry had occurred on December 28 until the clerk's office opened for business on December 29. Because the property had already been transferred by the time the clerk's office opened on December 29, MHTC cannot prove a causal connection between its damages and Overall's omission. In other words, MHTC cannot prove that it would have incurred damages from the transfer of the property to the Matulas but for Overall's failure to enter the abstract on December 28.

The remainder of the argument in Overall's motion to dismiss states: "Even if the clerk would have abstracted the judgment on the 28th after the sale the lien would not have attached to the property and Plaintiff would not be able to show damages by the clerk's late abstracting." This previously muddled area of the law was clarified by our recent decision in *State ex rel. Missouri Highway and Transportation Commission v. Overall*, 53 S.W.3d 222 (Mo.App.2001) (*"Overall I "*), which involved similar facts and many of the same parties as the instant case.

To resolve *Overall I*, our court was required to determine when a judgment becomes a lien against the property and to resolve a conflict between the Supreme Court rules and the statutes as to when a judgment lien arises. *Id.* at 226–27. The contradictory laws include section 511.360, Rule 74.08, section 511.500, and section 511.510. Based on these varying rules, the courts have reached inconsistent conclusions in determining when a judgment lien arises. *See Overall*, 53 S.W.3d at 227–28. *Overall I* resolved the issue by following the dictate that Supreme Court rules govern contradictory statutes in procedural matters, and the court held that Rule 74.08 instructs that a judgment lien arises when judgment is entered. *Overall*, 53 S.W.3d at 228. Therefore, MHTC's lien in this case arose on the date of the judgment, or December 20, 1995, which was eight days prior to the mortgage.

In light of the holding in *Overall I* regarding when a judgment becomes a lien, the language in Overall's motion for his dismissal wherein he claimed the lien had not attached to the property after the judgment was incorrect. Nevertheless, we find his argument regarding the calculation of the abstraction period persuasive. We affirm the trial court's decision in that MHTC cannot prove any damages were incurred as a result of Overall's omission. It is unnecessary for us to consider Overall's other arguments in his motion for dismissal. *See Saidawi*, 987 S.W.2d at 504.

We find the trial court was correct in dismissing Overall as an improper party. The judgment is affirmed.

ROBERT G. DOWD, JR., P.J., and RICHARD B. TEITELMAN, J., concur.